ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 27 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, ) ) ) Plaintiff, ) v. ) ) APAC-SOUTHEAST, INC., f/k/a ) APAC-GEORGIA, INC., ) ) Defendant. ) ) | 1:07-CV-1516 CIVIL ACTION NO._____ -JEC |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual"), plaintiff in the above-styled action, and states its Complaint for Declaratory Judgment against defendant APAC-Southeast, Inc., f/k/a APAC-Georgia, Inc. (hereinafter referred to as APAC) as follows:

1.

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

## PARTIES

2.

Liberty Mutual is an insurance company organized and existing under the laws of the State of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

3.

Upon information and belief, APAC is a Georgia corporation with its principal place of business at 900 Ashwood Parkway, Suite 700, Atlanta, Georgia 30338.

## JURISDICTION AND VENUE

4.

This Court has original jurisdiction under 28 U.S.C. §1332(a), as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs, and complete diversity of the parties exists.

5.

This Court has jurisdiction over Liberty Mutual's claims for declaratory relief under 28 U.S.C. § 2201, in that an actual controversy exists between Liberty Mutual and APAC which is ripe for judicial determination.

6.

Venue is proper pursuant to 28 U.S.C. § 1391 because APAC resides within this judicial district.

7.

An actual case or controversy of a justiciable nature exists between Liberty Mutual and APAC involving a policy of liability insurance issued by Liberty Mutual to Costello Industries, Inc. ("Costello") under which APAC was an additional insured. The controversy may be determined by a judgment of this action without other suits.

## THE POLICY

8.

Upon information and belief, APAC is a general contractor in the business of roadway construction.

9.

Pursuant to a Subcontract between APAC as the Contractor and Costello as the Subcontractor, Costello was required to procure liability coverage in the minimum amount of $1,000,000, name APAC as an additional insured under the policy, and provide coverage which would indemnify, defend and protect APAC from all claims.

3

10.

Liberty Mutual issued a policy of liability insurance, No. YY2-111-255119-022, to Costello, a copy of which is attached hereto as Exhibit A ("Policy"). The term of the Policy was for one year with an inception date of October 1, 2002 and an expiration date of October 1, 2003. The Policy had a $1,000,000 limit of insurance for each occurrence, as defined therein.

11.

The Policy contained an Endorsement entitled "Additional Insured – Owners, Lessees or Contractors" which stated, in pertinent part:

> The insurance provided by this endorsement applies only to coverages and limits of insurance required by written agreement, but in no event exceeds either the scope of coverage or the limits of insurance provided by this policy."

12.

The Policy included the following provision in SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS:

> 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit
>
> \* \* \*
>
> d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

4

## THE UNDERLYING LAWSUIT

13.

On or about September 15, 2003, James Graves, Matthew Graves and Stephen Dawson were involved in a vehicle accident on a stretch of interstate in Georgia where Costello and APAC were working. Messrs. Graves and Dawson sustained serious bodily injuries in the accident. As a result of that accident, on or about September 12, 2005, Messrs. Graves and Dawson filed a lawsuit against numerous defendants including APAC and Costello ("Graves Lawsuit").

14.

On or about February 9, 2006, Liberty Mutual accepted APAC's tender of indemnity and defense in the Graves Lawsuit pursuant to a reservation of rights, and provided separate legal defenses for each Costello and APAC pursuant to the terms and conditions of the Policy.

15.

On or about January 4, 2007, Liberty Mutual was notified that APAC had scheduled a mediation with the plaintiffs in the Graves Lawsuit for January 9, 2007. Liberty Mutual, through defense counsel retained by Liberty to represent APAC, sought to have the mediation postponed until the end of January 2007, but APAC would not reschedule the mediation.

ATI 30055808.1

16.

On or about January 9, 2007, APAC, assisted by its attorney, M. Craig Hall, who was not retained by Liberty Mutual to represent APAC, held a mediation with the plaintiffs in the Graves Lawsuit and settled the claims against APAC for $3.85 million without Liberty Mutual's consent. APAC then demanded that Liberty Mutual tender its policy limit of $1,000,000 to indemnify APAC.

## REQUEST FOR DECLARATORY JUDGMENT

17.

Plaintiff Liberty Mutual incorporates by reference all allegations of paragraphs 1 through 16, as if set forth herein verbatim.

18.

This Complaint for Declaratory Judgment concerns an insurance claim by APAC for indemnity under the Policy for a settlement that APAC voluntarily entered in the Graves Lawsuit without Liberty Mutual's consent.

19.

APAC's voluntary settlement of the Graves Lawsuit deprived Liberty Mutual's of its ability to defend APAC and Costello and its right to control the litigation.

20.

Liberty Mutual seeks a declaratory judgment that APAC voluntarily settled this matter without Liberty Mutual's consent, terminating Liberty Mutual's obligations to APAC under the Policy.

WHEREFORE, Liberty Mutual prays:

A. That this Court determine, adjudicate and declare the rights and liabilities of Liberty Mutual and APAC with respect to the Policy attached hereto as Exhibit A.

B. That Liberty Mutual be granted such other and further relief as this Court may deem appropriate.

This 27th day of June, 2007.

>ROBINS, KAPLAN, MILLER
> & CIRESI L.L.P.
>
> _____
> James V. Chin-
> Georgia Bar No. 124827
> Heidi H. Raschke
> Georgia Bar No. 594937
> 2600 One Atlanta Plaza
> 950 East Paces Ferry Road, N.E.
> Atlanta, GA 30326-1119
> (404) 760-4300
>
> ATTORNEYS FOR PLAINTIFF LIBERTY
> MUTUAL INSURANCE COMPANY

ATI 30055808.1