IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 1:07-CV-1516 |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.1, Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") makes the following first amended initial disclosures:

**(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") seeks a declaratory judgment determining that Defendant APAC-Southeast, Inc.'s f/k/a APAC-Georgia, Inc.'s ("APAC") voluntary settlement of the underlying "Graves Lawsuit" nullified coverage for APAC under the Liberty Mutual policy of liability

insurance issued to Costello Industries, Inc. ("Costello").  APAC has counterclaimed for breach of contract; fraud, estoppel and bad faith; covenant of good faith; statutory bad faith and stubborn litigiousness; equitable subrogation, promissory estoppel and unjust enrichment; and indemnity and contribution.

Liberty Mutual issued a policy of liability insurance, No. YY2-111-255119, to Costello, for the policy term October 1, 2002 to October 1, 2003.  The policy had a $1,000,000 limit of insurance for each occurrence, as defined therein. Costello entered into a contract with APAC, as the contractor, and Costello, as the subcontractor, which required Costello to procure liability coverage in the minimum amount of $1,000,000, name APAC as an additional insured under the policy, and provide coverage which would indemnify, defend and protect APAC for all claims connected with any act or omission of Costello.  A vehicle accident on a stretch of interstate where Costello and APAC were working led to a lawsuit filed by James Graves, Matthew Graves and Stephen Dawson against numerous defendants, including Costello and APAC (the "Graves Lawsuit").  Liberty Mutual accepted APAC's tender of indemnity and defense pursuant to the terms and conditions of the policy and a reservation of rights.  During a mediation scheduled by APAC and the plaintiffs in the Graves Lawsuit on January 9, 2007, APAC settled with the plaintiffs in the Graves Lawsuit without Liberty Mutual's consent.

APAC then demanded that Liberty Mutual tender its policy limit of $1,000,000 to indemnify APAC.

The Court in the Graves Lawsuit has ruled, as a matter of law, that any negligence on the part of Costello was not the proximate cause of the Graves plaintiffs' injuries. As an additional insured under the Liberty Mutual insurance policy issued to Costello, Liberty Mutual only agreed to indemnify, defend and protect APAC for all claims connected with any act or omission of Costello. Since the Court has granted summary judgment to Costello in the Graves Lawsuit and has held that no act or omission by Costello led to the claimed damages in the Graves Lawsuit, APAC is not entitled to indemnity under the Costello policy.

The legal issues in this case include whether Defendant violated a condition precedent and thereby breached the contract of insurance by voluntarily settling with the plaintiffs in the Graves Lawsuit without Liberty Mutual's consent, and whether such action nullified coverage for APAC under the Liberty Mutual policy, whether there is coverage for APAC's voluntary settlement under the Liberty Mutual policy and whether Liberty Mutual breached the contract of insurance by denying coverage based on APAC's voluntary payment.

**(2)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Plaintiff's non-exhaustive list includes:

- 28 U.S.C. § 2201
- 28 U.S.C. § 2202
- O.C.G.A. § 13-1-13
- *Simmons v. Select Ins. Co.*, 358 S.E. 2d 288 (Ga. Ct. App. 1987).
- *Donaldson v. Pilot Life Ins. Co.*, 341 S.E.2d 279 (Ga. Ct. App. 1986).

Plaintiff reserves the right to amend this list as this matter progresses.

**(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A to Plaintiff's Initial Disclosures.

**(4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiff has not yet identified those individuals, if any, that may present expert testimony during the trial of this matter.  Plaintiff will supplement this response as appropriate.

**(5)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody,**

4

AT1 30058245.1

**or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C to Plaintiff's Initial Disclosures.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Liberty Mutual's Complaint is for a declaratory judgment by this Court that APAC's voluntary settlement of the underlying "Graves Lawsuit" nullified coverage for APAC under the Liberty Mutual policy of liability insurance issued to Costello. Liberty Mutual is not seeking monetary damages.

This <u>7th</u> day of November, 2007.

                                      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                      <u>/s/ Heidi H. Raschke</u>
                                      Georgia Bar No. 594937
                                      James V. Chin
                                      Georgia Bar No. 124827
                                      2600 One Atlanta Plaza
                                      950 East Paces Ferry Road, N.E.
                                      Atlanta, GA 30326-1119
                                      (404) 760-4300

...

                                        ATTORNEYS FOR PLAINTIFF LIBERTY
                                        MUTUAL FIRE INSURANCE COMPANY

AT1 30058245.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC.,<br><br>    Defendant. | CIVIL ACTION NO.: 1:07-CV-1516 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November, 2007, I electronically filed the foregoing Plaintiff's First Amended Initial Disclosures with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to the following:

> M. Craig Hall
> Law Offices of M. Craig Hall, LLC
> 1535 Mt. Vernon Road, Suite 200
> Dunwoody, GA 30338


                                                    /s/ Heidi H. Raschke

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

AT1 30058245.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 1:07-CV-1516 |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

/s/ Heidi H. Raschke

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com