IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 1:07-CV-1516 |
| APAC-SOUTHEAST, INC.,  f/k/a APAC-GEORGIA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## AMENDED ANSWER TO COUNTERCLAIM

Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual"), plaintiff/counterclaim-defendant in the above-styled action, states its Amended Answer to defendant/counterclaim-plaintiff APAC-Southeast, Inc., f/k/a APAC-Georgia, Inc.'s (hereinafter referred to as "APAC") Counterclaim as follows:

## FIRST DEFENSE

Liberty Mutual denies each and every allegation, statement, matter or thing in APAC's Counterclaim unless expressly admitted herein.

## SECOND DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

AT1 30058244.1

## THIRD DEFENSE

Liberty Mutual incorporates all assertions and allegations raised by Liberty Mutual in its Complaint.

## FOURTH DEFENSE

Liberty Mutual responds to the individually numbered paragraphs of APAC's Counterclaim as follows:

### 21.

Liberty Mutual admits that venue is proper in this Court.

### 22.

As the allegations do not pertain to Liberty Mutual, Liberty Mutual states that it is without sufficient knowledge or information to form a belief concerning the allegations of Paragraph 22 of APAC's Counterclaim and therefore denies those allegations and places upon APAC strict proof thereof.

### 23.

Upon information and belief, Liberty Mutual admits the allegations in Paragraph 23 of APAC's Counterclaim.

### 24.

AT1 30058244.1

Liberty Mutual responds to the allegations contained in Paragraph 24 of APAC's Counterclaim by stating that the terms of the subcontract between Costello Industries, Inc. (hereinafter referred to as "Costello") and APAC are stated therein.  Except as so stated, Liberty Mutual denies the allegations in Paragraph 24 of APAC's Counterclaim.

25.

Liberty Mutual responds to the allegations contained Paragraph 25 of APAC's Counterclaim by stating that the terms of the subcontract between Costello and APAC are stated therein.  Except as so stated, Liberty Mutual denies the allegations in Paragraph 25 of APAC's Counterclaim.

26.

As the allegations do not pertain to Liberty Mutual, Liberty Mutual states that it is without sufficient knowledge or information to form a belief concerning the allegations of Paragraph 26 of APAC's Counterclaim and therefore denies those allegations and places upon APAC strict proof thereof.

27.

Liberty Mutual admits that it issued a policy of liability insurance, No. YY2-111-255119-022, to Costello (hereinafter the "Costello Policy").  The terms and

conditions of the Costello Policy are stated therein.  Except as so stated, Liberty Mutual denies all other allegations in Paragraph 27 of APAC's Counterclaim.


28.

Upon information and belief, Liberty Mutual admits that Messrs. James Graves, Matthew Graves and Steven Dawson were injured in a car accident on or about September 15, 2003.  Liberty Mutual is without sufficient knowledge or information to form a belief concerning the remaining allegations of Paragraph 28 of APAC's Counterclaim and therefore denies those allegations and places upon APAC strict proof thereof

29.

Upon information and belief, Liberty Mutual admits the allegations in Paragraph 29 of APAC's Counterclaim.

30.

Liberty Mutual responds to the allegations contained in Paragraph 30 of APAC's Counterclaim by stating that the allegations of the Complaint in the Graves Lawsuit are stated therein.   Except as so stated, Liberty Mutual denies the allegations in Paragraph 30 of APAC's Counterclaim.

31.

AT1 30058244.1

As the allegations do not pertain to Liberty Mutual, Liberty Mutual states that it is without sufficient knowledge or information to form a belief concerning the allegations of Paragraph 31 of APAC's Counterclaim and therefore denies those allegations and places upon APAC strict proof thereof.

32.

As the allegations do not pertain to Liberty Mutual, Liberty Mutual states that it is without sufficient knowledge or information to form a belief concerning the allegations of Paragraph 32 of APAC's Counterclaim and therefore denies those allegations and places upon APAC strict proof thereof.

33.

Liberty Mutual admits the allegations in Paragraph 33 of APAC's Counterclaim.

34.

Liberty Mutual admits that Liberty Mutual accepted APAC's tender of indemnity and defense in the Graves Lawsuit.  Liberty Mutual denies all other allegations in Paragraph 34 of APAC's Counterclaim.  In addition, Paragraph 34 of APAC's Counterclaim sets forth a legal conclusion which does not require a response from Liberty Mutual.  To the extent a response is required, the allegations of Paragraph 34 are denied.

35.

As the allegations do not pertain to Liberty Mutual, Liberty Mutual states that it is without sufficient knowledge or information to form a belief concerning the allegations of Paragraph 35 of APAC's Counterclaim and therefore denies those allegations and places upon APAC strict proof thereof.   In addition, Paragraph 35 of APAC's Counterclaim sets forth a legal conclusion which does not require a response from Liberty Mutual.  To the extent a response is required, the allegations of Paragraph 35 are denied.

## CLAIMS AGAINST LIBERTY MUTUAL

36.

Liberty Mutual realleges and reincorporates herein by reference the allegations set forth in Paragraphs 21 through 35 of its Answer to Counterclaim as though each and every allegation was set forth herein verbatim.

37.

Liberty Mutual responds to Paragraph 37 of APAC's Counterclaim by stating that the terms and conditions of the Costello Policy are stated therein. Except as so stated, Liberty Mutual denies all other allegations in Paragraph 37.  In

6

addition, Paragraph 37 of APAC's Counterclaim sets forth a legal conclusion which does not require a response from Liberty Mutual.  To the extent a response may be required, the allegations of Paragraph 37 are denied.

38.

Liberty Mutual admits that it accepted APAC's tender of indemnity and defense in the Graves Lawsuit.  Liberty Mutual denies all other allegations in Paragraph 38 of APAC's Counterclaim.  In addition, Paragraph 38 of APAC's Counterclaim sets forth a legal conclusion which does not require a response from Liberty Mutual.  To the extent a response is required, the allegations of Paragraph 38 are denied.

39.

Liberty Mutual admits that it retained counsel to represent APAC in the Graves Lawsuit.  Liberty Mutual also assigned a conflict claim adjuster to handle APAC's claim under the Costello Policy.  The remaining allegations in Paragraph 39 of APAC's Counterclaim are denied.

40.

Liberty Mutual denies the allegations in Paragraph 40 of APAC's Counterclaim.

AT1 30058244.1

41.

As the allegations do not pertain to Liberty Mutual, Liberty Mutual states that it is without sufficient knowledge or information to form a belief concerning the allegations of Paragraph 41 of APAC's Counterclaim and therefore denies those allegations and places upon APAC strict proof thereof.

42.

Liberty Mutual admits that on or about December 15, 2006, counsel for APAC sent an email to counsel for all parties to the Graves Lawsuit indicating APAC's willingness to mediate with the Graves Lawsuit plaintiffs.  That communication sought confirmation of the Graves Lawsuit plaintiffs' willingness to mediate and did not include a proposed date for the mediation.  On or about January 4, 2007, Liberty Mutual was notified that APAC had scheduled a mediation with the plaintiffs in the Graves Lawsuit for January 9, 2007.  Except as so stated, Liberty Mutual denies the allegations in Paragraph 42 of APAC's Counterclaim.

43.

Upon information and belief, Liberty Mutual admits that APAC agreed with the Graves Lawsuit plaintiffs to mediate the Graves Lawsuit on January 9, 2007.

The remainder of the allegations in Paragraph 43 of APAC's Counterclaim are denied.

44.

Liberty Mutual denies the allegations in Paragraph 44 of APAC's Counterclaim.

45.

Liberty Mutual admits that the Graves Lawsuit was mediated on January 9, 2007 and that counsel retained to represent Costello and APAC were present. Except as so stated, the allegations in Paragraph 45 of APAC's Counterclaim are denied.

46.

Liberty Mutual denies the allegations in Paragraph 46 of APAC's Counterclaim.

47.

Liberty Mutual admits that APAC voluntarily settled the Graves Lawsuit claims at the January 9, 2007 mediation.  Liberty Mutual denies the remaining allegations of Paragraph 47 of APAC's Counterclaim.

AT1 30058244.1

48.

Liberty Mutual admits that APAC demanded that Liberty Mutual tender the Costello Policy limits after the mediation.  The remaining allegations in Paragraph 48 of APAC's Counterclaim are denied.

49.

Liberty Mutual admits that APAC's conflict claim adjuster indicated to APAC that he had advised Costello's claim adjuster following APAC's voluntary settlement with the Graves Lawsuit plaintiffs and that APAC's conflict claim adjuster informed APAC that the settlement was without Liberty Mutual's consent. Except as so stated, the allegations in Paragraph 49 of APAC's Counterclaim are denied.

50.

Liberty Mutual admits that it notified APAC that its voluntary settlement with the Graves Lawsuit plaintiffs without Liberty Mutual's consent nullified coverage for APAC under the Costello Policy.  Except as so stated, Liberty Mutual denies the allegations of Paragraph 50 of APAC's Counterclaim.

51.

Liberty Mutual denies the allegations in Paragraph 51 of APAC's Counterclaim.

ATI 30058244.1

## BREACH OF CONTRACT

### 52.

Liberty Mutual realleges and reincorporates herein by reference the allegations set forth in Paragraphs 21 through 51 of its Answer to Counterclaim as though each and every allegation was set forth herein verbatim.

### 53.

Liberty Mutual denies the allegations in Paragraph 53 of APAC's Counterclaim.

## FRAUD, ESTOPPEL & BAD FAITH

### 54.

Liberty Mutual realleges and reincorporates herein by reference the allegations set forth in Paragraphs 21 through 53 of its Answer to Counterclaim as though each and every allegation was set forth herein verbatim.

### 55.

Liberty Mutual denies the allegations in Paragraph 55 of APAC's Counterclaim.

### 56.

Liberty Mutual denies the allegations in Paragraph 56 of APAC's Counterclaim.

AT1 30058244.1

57.

Liberty Mutual denies the allegations in Paragraph 57 of APAC's Counterclaim.

58.

Liberty Mutual denies the allegations in Paragraph 58 of APAC's Counterclaim.

59.

Liberty Mutual denies the allegations in Paragraph 59 of APAC's Counterclaim.

## COVENANT OF GOOD FAITH

60.

Liberty Mutual realleges and reincorporates herein by reference the allegations set forth in Paragraphs 21 through 59 of its Answer to Counterclaim as though each and every allegation was set forth herein verbatim.

61.

Liberty Mutual denies the allegations in Paragraph 61 of APAC's Counterclaim.

## STATUTORY BAD FAITH AND STUBBORN LITIGIOUSNESS

### 62.

Liberty Mutual realleges and reincorporates herein by reference the allegations set forth in Paragraphs 21 through 61 of its Answer to Counterclaim as though each and every allegation was set forth herein verbatim.

### 63.

Liberty Mutual denies the allegations in Paragraph 63 of APAC's Counterclaim.

### 64.

Liberty Mutual denies the allegations in Paragraph 64 of APAC's Counterclaim.

## EQUITABLE SUBROGATION, PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT

### 65.

Liberty Mutual realleges and reincorporates herein by reference the allegations set forth in Paragraphs 21 through 64 of its Answer to Counterclaim as though each and every allegation was set forth herein verbatim.

### 66.

Liberty Mutual denies the allegations in Paragraph 66 of APAC's Counterclaim.

AT1 30058244.1

67.

Liberty Mutual denies the allegations in Paragraph 67 of APAC's Counterclaim.

## INDEMNITY AND CONTRIBUTION

68.

Liberty Mutual realleges and reincorporates herein by reference the allegations set forth in Paragraphs 21 through 67 of its Answer to Counterclaim as though each and every allegation was set forth herein verbatim.

69.

Liberty Mutual denies the allegations in Paragraph 69 of APAC's Counterclaim.

WHEREFORE, Liberty Mutual prays:

A.    That this Court determine, adjudicate and declare the rights and liabilities of Liberty Mutual and APAC with respect to the Policy attached to the Complaint as Exhibit A.

B.    That this Court dismiss Defendant's Counterclaim with prejudice and deny Defendant all relief requested in its Counterclaim.

C.    That Liberty Mutual be granted such other and further relief as this Court may deem appropriate.

AT1 30058244.1

## **FIFTH DEFENSE**

APAC's Counterclaim fails to state a claim upon which relief can be granted because the insurance provided by Liberty Mutual to APAC pursuant to the Additional Insured – Owners, Lessees or Contractors endorsement of the Costello Policy was limited "to coverages and limits of insurance required by written agreement."  The subcontract between APAC and Costello required that Costello name APAC as an additional insured under the policy, and provide coverage which would indemnify, defend and protect APAC for all claims connected with any act or omission of Costello.  The Court in the Graves Lawsuit has held, as a matter of law, that any negligence of Costello was not the proximate cause of the injuries suffered by the Graves plaintiffs.  Therefore, APAC is not entitled to indemnity under the Liberty Mutual policy.

This <u>7th</u> day of November, 2007.

ROBINS, KAPLAN, MILLER
& CIRESI L.L.P.

/s/ Heidi H. Raschke
Heidi H. Raschke
Georgia Bar No. 594937
James V. Chin
Georgia Bar No. 124827

ATTORNEYS FOR PLAINTIFF LIBERTY
MUTUAL INSURANCE COMPANY

AT1 30058244.1

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

AT1 30058244.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

LIBERTY MUTUAL FIRE )
INSURANCE COMPANY, )
                            )
        Plaintiff, )
v.                          )          CIVIL ACTION NO.: 1:07-CV-1516
                            )
APAC-SOUTHEAST, INC.,  f/k/a )
APAC-GEORGIA, INC., )
                            )
        Defendant. )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on November 7th, 2007, I electronically filed this Amended Answer to Counterclaim with the clerk of the court using the CM/ECF system which will automatically e-mail notification of such filing to the following:

M. Craig Hall
Law Offices of M. Craig Hall, LLC
1535 Mt. Vernon Road, Suite 200
Dunwoody, GA 30338


/s/ Heidi H. Raschke
Georgia Bar No. 594937
Attorneys for Plaintiff Liberty Mutual
Insurance Company

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

AT1 30058244.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 1:07-CV-1516 |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

/s/ Heidi H. Raschke
Georgia Bar No. 594937
Attorneys for Plaintiff Liberty Mutual
Insurance Company

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

18

AT1 30058244.1