# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) ) ) ) |
| Plaintiff, | ) Civil Action File No. ) 1:07-cv-1516 |
| v. | ) ) ) |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., | ) ) ) |
| Defendant. | ) ) |

### NON-PARTY THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S REPLY TO DEFENDANT APAC-SOUTHEAST, INC.'S RESPONSE TO MOTION TO QUASH DEPOSITION SUBPOENA

In its response to non-party ICSOP's motion to quash, Defendant APAC asks this Court to do one of three things: (1) deny the motion to quash because the subpoena is "proper," and does not violate Fed.R.Civ.P. 45; (2) modify the subpoena in some unidentified "equitable manner" so that the deposition can proceed in Georgia; or (3) order ICSOP to comply with a "new" subpoena that APAC has issued through a federal district court in New York, which seeks to take the same deposition in New York. APAC's arguments miss the mark on all counts.

10805472.3

First, APAC's "Georgia" subpoena is not "proper," and cannot be enforced as if it were. The subpoena requires a non-party deponent to travel more than 100 miles, and was not accompanied by the requisite fees and mileage costs. The subpoena thus violates Rule 45. That the subpoena involves a 30(b)(6) deposition does not alter these requirements.

Second, other than modifying the subpoena to require a deposition in New York (which this Court cannot do), there is no "equitable modification" that can somehow "correct" the subpoena (perhaps explaining why APAC offers no specific suggestions for any such modification).

Third, with all due respect, this Court does not have the authority to order ICSOP to comply with the "New York" subpoena. Only the federal district court in New York through which that subpoena was issued has that authority.

For these reasons, and those discussed in ICSOP's motion to quash, APAC's "Georgia" subpoena, issued through this Court, must be quashed.

## ARGUMENT

APAC first argues that its "Georgia" subpoena is proper, and does not violate Fed.R.Civ.P. 45. APAC's subpoena, however, seeks to require a person who is not a party to this lawsuit to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person.

APAC argues that its subpoena is nevertheless proper because it was not served on an individual, but rather upon a corporation.  APAC suggests that ICSOP can simply designate one of its employees in Georgia to testify.  APAC Response at 6.  Indeed, APAC asks this Court to order ICSOP to do so.  *Id*. at 9.  As explained in ICSOP's motion to quash, however, the only AIGDC employee with personal knowledge of the four categories identified in the subpoena is employed in New York[1] (indeed, one category specifically seeks information concerning that person's communications with others).  APAC misses the mark when it suggests that anyone in Georgia who reads the claim file for the underlying matter could testify on the identified matters.  That is far too simplistic.  Indeed, if that were true, the deposition is completely unnecessary, as APAC already has the claim file, and can simply read it.

APAC cites no cases supporting its broad position that any person, in any city, can be ordered to testify as a corporate designee on matters of which they have no personal knowledge.  Moreover, APAC does not even attempt to address the cases cited by ICSOP regarding where corporate depositions are to be taken (*i.e*., at the corporation's principle place of business, New York here).[2]  ICSOP is

---

[1]  As noted in ICSOP's motion to quash, AIG Domestic Claims, Inc.'s ("AIGDC") is the claims administrator for ICSOP.

[2]  The general presumption is that a non-resident corporate defendant should be deposed in its principal place of business.  *See e.g*., *Sheehy v. Ridge Tool Co*., 2007 U.S. Dist. LEXIS 37787, 6-7 (D. Conn., May 24, 2007); *Buzzeo v. Bd. of Educ.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998).  A party seeking to depose a corporate entity anywhere other than its principal place of business "has the affirmative burden of demonstrating 'peculiar'

*(Footnote continued on next page)*

entitled to designate the person with the most knowledge of the identified issues to be its corporate designee, particularly where that person works at ICSOP's principal place of business in New York, and there are no "peculiar" circumstances.

APAC next argues that, if its subpoena violates the 100-mile rule, Rule 45 does not require that it be quashed (though the case law suggests otherwise); rather, it may simply be modified "in an equitable manner to promote discovery of relevant evidence."[3]  APAC Response at 5.  APAC offers no suggestions as to how the subpoena can be "cured", nor does it cite any cases in support of its request.  This is likely because there simply is no "equitable modification" that can correct the defects in the subpoena.  For example, this Court cannot order a non-party to travel more than 100 miles to attend a deposition in Georgia, nor can it order that the deposition take place in New York, where it must take place.  As the case law

---

*(Footnote continued from previous page)*
circumstances which compel the court to order the depositions to be held in an alternate location."  *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005).

ICSOP's principal place of business in New York.  APAC has not even attempted to satisfy its burden to rebut the general presumption.

[3]  APAC claims it is "undeniable" that the deposition of non-party ICSOP is calculated to lead to the discovery of admissible evidence.  APAC Response at 4.  Its support for this statement is that, according to APAC, Plaintiff Liberty Mutual Insurance Company, which issued a primary policy to Costello Industries, Inc., "deliberately concealed" from APAC (an additional insured under that primary policy) its alleged knowledge that ICSOP intended to disclaim coverage to APAC under a different insurance policy issued to Costello.  *Id.*  APAC's subpoena of non-party ICSOP should be quashed on the additional grounds of irrelevancy, because there is no basis in fact that Liberty Mutual possessed knowledge of ICSOP's alleged intent, and even if there were, there is no basis in the law for a claim against one insurer for failure to apprise its insured what another insurer may do under a different insurance contract.  This makes it all the more apparent that APAC is simply looking to get around the Standing Order Staying Discovery in the APAC/ICSOP Action (a separate insurance action arising out of the same underlying lawsuit) and take discovery from ICSOP regarding its claims in that matter.  This is yet another reason why APAC's subpoena should be quashed.

cited by ICSOP bears out, pursuant to Rule 45(c)(3)(A), the subpoena must be quashed under these circumstances.

Incredulously, APAC says nothing about the issue raised by ICSOP concerning whether, simultaneous with service of its "first" subpoena, APAC tendered the required fees and mileage, as also required by Rule 45.[4] This is another reason why APAC's "Georgia" subpoena must be quashed. *Reynosa v. Smith*, 2006 U.S.Dist.LEXIS 85424, 2-3 (W.D. Mich., Nov. 27, 2006) (quashing subpoena because "[t]he rule governing service of subpoenas, Fed. R. Civ. P. 45(b)(1), requires the simultaneous tendering of witness fees and reasonably estimated mileage as allowed by law").[5] Clearly, no "equitable modification" of the subpoena could possibly cure this separate defect.

At the end of the day, for this Court, this entire matter may be moot. Without admitting any defects in its first subpoena, APAC points out in its response that it recently issued a "new" subpoena, this time to AIGDC, for a deposition to take place in New York.[6] APAC Response at 9 ("APAC has issued a new subpoena to [AIGDC] that contemplates that such a deposition take place in

---

[4]   Rule 45(b) states that service of a subpoena on a person "shall be made by delivering a copy thereof to such person, and if the person's attendance is required, by tendering to that person the fees for one day's attendance and the mileage allowed by law."

[5]   Tellingly, given its silence on the issue regarding its "first" subpoena, APAC attaches a copy of its "second" subpoena as an exhibit to its response papers, and includes therein a copy of a check for fees and mileage.

[6]   The "Georgia" subpoena was served on ICSOP, which has no employees that can address the issues identified in the subpoena. As explained above, AIGDC is ICSOP's claims administrator, and it is an AIGDC employee who would testify on those issues.

New York – in full compliance with the alleged 100 mile territorial restriction …"). The "second" subpoena is issued through a federal district court in New York, and properly contemplates a deposition in New York.[7]

Oddly enough, however, APAC boldly asks *this* Court to "Order ICSOP to comply with the 'New York' 30(b)(6) subpoena." APAC Response at 9-10. APAC once again misses the mark. Respectfully, this Court has no authority to order ICSOP, a non-party to this litigation, to comply with a subpoena issued through another federal court, in New York. As APAC itself surely knows, only the issuing court in New York can address issues concerning enforcement of that subpoena.

## IV.   CONCLUSION

For the reasons discussed above, and in ICSOP's motion to quash, this Court must quash APAC's subpoena because it violates Rule 45. Moreover, this Court cannot order non-party ICSOP to comply with the "New York" subpoena that APAC recently served. ICSOP respectfully requests that this Court quash APAC's subpoena to ICSOP.

---

[7] Rule 45(2) states that "[a] subpoena must issue as follows … (B) for attendance at a deposition, from the court for the district where the deposition is to be taken, stating the method for recording the testimony."


Dated: November 29, 2007.

        Respectfully Submitted,

        WARGO & FRENCH LLP

        /s/ Michael S. French
        Michael S. French
        Ga. Bar No. 276680
        WARGO & FRENCH LLP
        1170 Peachtree Street
        Suite 2020
        Atlanta, GA 30309
        Telephone No.: (404) 853-1500
        Fax No.: (404) 853-1501
        mfrench@wargofrench.com
        *Counsel for Non-Party The Insurance Company of the State of Pennsylvania*

        and

        Kevin M. Grace
        Kathrin V. Smith
        Suite 900
        401 9th Street, N.W.
        Washington, DC 20004-2128
        Telephone: (202) 585-8000
        Fax: (202) 585-8080
        kgrace@nixonpeabody.com
        kvsmith@nixonpeabody.com

        *Counsel for Non-Party The Insurance Company of the State of Pennsylvania*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 29, 2007, a true copy of the foregoing Non-Party The Insurance Company of the State of Pennsylvania's Reply to Defendant APAC Southeast, Inc.'s Response to Motion to Quash Deposition Subpoena was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Michael S. French
Michael S. French

593043_1