IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

LIBERTY MUTUAL FIRE           )
INSURANCE COMPANY,            )
                             )
    Plaintiff,               )          CASE NO.: 1:07-CV-1516-JEC
v.                            )
                             )
APAC-SOUTHEAST, INC.,  f/k/a  )
APAC-GEORGIA, INC.,           )
                             )
    Defendant.               )
_____)

## LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT APAC-SOUTHEAST, INC.'S MOTION TO COMPEL DISCOVERY

    Liberty Mutual Fire Insurance Company ("Liberty Mutual") respectfully submits its Memorandum of Law in Opposition to Defendant APAC-Southeast, Inc.'s ("APAC") Motion to Compel Discovery stating as follows:

## INTRODUCTION

    This case involves a coverage dispute over a policy of liability insurance issued by Liberty Mutual to Costello Industries, Inc. ("Costello"), which provided coverage to additional insureds as defined therein.   Pursuant to a highway construction contract between APAC, as general contractor, and Costello, as subcontractor, APAC qualified as an additional insured.   The underlying matter

AT1 30058891.1

which gave rise to the present dispute involved a negligence lawsuit (the "Graves Lawsuit") in which Costello, APAC and others, were named defendants.  Liberty Mutual retained separate counsel and provided separate defenses for Costello and APAC in the Graves Lawsuit.   Under the Costello insurance policy, Liberty Mutual only agreed to indemnify, defend and protect additional insureds, such as APAC, for liability incurred as a result of some negligent act or omission of Costello.

The present dispute arose after APAC voluntarily settled out of the Graves Lawsuit, without consent from Liberty Mutual.  APAC then demanded Liberty Mutual's full policy limit of $1,000,000.00, despite the fact that Costello was not a party to the settlement and Liberty Mutual was still providing a defense to Costello in the Graves Lawsuit.  Liberty Mutual denied APAC's demand because Liberty Mutual never consented to the settlement.  Costello continued its litigation with the Graves plaintiffs and did not settle.  The court in the Graves Lawsuit has now granted summary judgment in favor of Costello, finding that Costello's negligence was not the proximate cause of the plaintiffs' injuries.  Since Costello was not negligent, there is no coverage for APAC under the Liberty Mutual policy.

In the present motion, APAC is requesting that this Court order production of certain attorney-client communications and work product.  The majority of the

AT1 30058891.1

documents that APAC seeks to compel are from the Costello claim file – not the APAC claim file.  Indeed, Liberty Mutual has produced the claim file which was set up and maintained separately for APAC's defense.  In addition – and what APAC has failed to mention in its Motion – APAC has filed suit against Costello in Georgia Superior Court, seeking indemnity from Costello for APAC's voluntary settlement with the Graves Lawsuit plaintiffs.  That lawsuit, *APAC v. The Insurance Company of the State of Pennsylvania; Lockton Insurance Agency, Inc.; Costello Industries, Inc; and Costello Southeast, Inc.*, Superior Court of Fulton County, State of Georgia, Civil Action No. 2006CV127155 ("APAC v. Costello Lawsuit") is pending.

Liberty Mutual opposes APAC's motion to compel for the following reasons:

- The documents are privileged attorney-client communications or work product and APAC has not demonstrated any substantial need or undue hardship to overcome the privileges;

- Neither Liberty Mutual nor Costello has waived any privileges; and

- Liberty Mutual is providing a defense to Costello in the APAC v. Costello Lawsuit, and producing its attorney-client communications and work product would prejudice Costello in this other matter.

AT1 30058891.1

Finally, APAC also seeks Liberty Mutual's confidential and proprietary guidelines for retained counsel which are provided to Liberty Mutual's lawyers and are privileged communications. APAC further seeks confidential reserve information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Because all of the documents sought by APAC are privileged or irrelevant, APAC's motion to compel should be denied.

## FACTUAL BACKGROUND

### A.   The Liberty Mutual Policy and the Graves Lawsuit.

APAC is a general contractor in the business of roadway construction. Costello is also in the business of roadway construction. On or about July 30, 2002, Costello and APAC entered into a subcontract for highway construction services on an interstate project in Georgia. APAC was the contractor and Costello was the subcontractor. Pursuant to the contract, Costello was required to procure liability coverage in the minimum amount of $1,000,000, and provide coverage to "indemnify, defend and protect [APAC] from all claims, expenses and liabilities in any way connected with any act or omission of [Costello], its invitees, or any person performing Work directly or indirectly on behalf of [Costello], regardless of whether [APAC] is partially at fault." (Subcontract, attached hereto as Exhibit A, at p. 2.)

Liberty Mutual issued a policy of liability insurance, No. YY2-111-255119, to Costello (the "Policy"), for the policy term October 1, 2002 to October 1, 2003. The Policy had a $1,000,000 limit of insurance for each occurrence, as defined therein.  APAC was not a named insured under the Policy.  The only coverage that would be provided to a company such as APAC would be as an additional insured. The Policy contained an Endorsement entitled "Additional Insured – Owners, Lessees or Contractors" which stated, in pertinent part:

> The coverage afforded to the Additional Insured is limited to liability incurred as a result of some negligent act or omission of the Named Insured, its employees, agents, or subcontractors in the conduct of the Named Insured's ongoing operations.

> If the written agreement to procure additional insured coverage requires that the insurance provided for the Additional Insured be broader than as provided by the preceding paragraph, then the coverage for the Additional Insured shall conform to that contract; provided, however, that in no event shall the coverage for the Additional Insured under this or the proceeding paragraph apply to liability that does not arise out of "your work" performed for that Additional Insured by you under the terms of the written agreement.

> * * *

> The insurance provided by this endorsement applies only to coverages and limits of insurance required by written agreement, but in no event exceeds either the scope of coverage or the limits of insurance provided by this policy.

(Additional Insured – Owners, Lessees or Contractors Endorsement, attached hereto as Exhibit B.)[1]  Therefore, Liberty Mutual's Policy only insured APAC for liability incurred as a result of some negligent act or omission of Costello.

A vehicle accident occurred on or about September 15, 2003 on the stretch of interstate where Costello and APAC were working.  This accident led to the Graves Lawsuit, filed by James Graves, Matthew Graves and Stephen Dawson on or about September 13, 2005  against numerous defendants, including Costello and APAC.  Liberty Mutual accepted Costello's tender of indemnity and defense pursuant to the terms and conditions of the Policy in October 2005 and retained attorney Robb Cruser of Cruser & Mitchell to represent Costello.  Subsequently, on February 9, 2006, Liberty Mutual also accepted APAC's tender of indemnity and defense pursuant to the terms and conditions of the Policy.  Liberty Mutual accepted APAC's tender through attorney Cruser, who was also representing Costello.  (February 9, 2006 letter, attached hereto as Exhibit C.)

APAC, which was represented by its own attorney, Craig Hall (who is also representing APAC in the current matter), did not transition its defense to Cruser & Mitchell. (Deposition of David M. Toolan, excerpts attached hereto as Exhibit D,

---

[1] Due to the size of the Policy, Liberty Mutual has only attached the Endorsement as an Exhibit hereto.  Should the Court believe that review of the entire Policy will be beneficial, Liberty Mutual will provide it.

at p. 141, l. 3 to p. 144, l. 23.)  Rather, APAC wrote to Cruser on or about February 21, 2006, and stated its belief that there was a conflict between APAC's position and that of Costello.  (February 21, 2006 letter, attached hereto as Exhibit E.)  After evaluating this potential conflict, on or about May 25, 2006, Liberty Mutual set up a separate claim file for APAC and reserved all rights under the Policy. (May 25, 2006 letter, attached hereto as Exhibit F.)  Liberty Mutual retained separate legal counsel for APAC, Chris Shuman and Lisa Richardson of Carter & Ansley.

**B.     APAC's Voluntary Settlement.**

Sometime in late 2006 or early 2007, APAC, on its own, scheduled a mediation with the plaintiffs in the Graves Lawsuit for January 9, 2007.  At the mediation, APAC voluntarily, and without Liberty Mutual's consent, settled with the plaintiffs in the Graves Lawsuit for $3,850,000.  The settlement also included the release of defendant Georgia Department of Transportation for which APAC was providing indemnity and a defense.  Costello was not a party to the settlement and remained the only defendant in the Graves Lawsuit.

After the mediation was completed, and despite the fact that Liberty Mutual was still providing a defense to Costello, APAC then demanded that Liberty Mutual tender its full Policy limit of $1,000,000 to indemnify APAC for its

voluntary settlement.  On or about April 2, 2007, Liberty Mutual wrote to APAC and informed APAC that APAC's voluntary settlement nullified coverage under the Liberty Mutual Policy.  (April 2, 2007 letter, attached hereto as Exhibit G.) Liberty Mutual then filed the instant declaratory judgment action.   APAC counterclaimed for negligent claims handling and bad faith.

Liberty Mutual continued to provide a defense to Costello in the Graves Lawsuit through retained counsel, Robb Cruser.  Costello never settled with the Graves plaintiffs.  Rather, by Order dated October 16, 2007, the Judge in the Graves Lawsuit granted summary judgment in favor of Costello, finding as a matter of law, that any negligence on the part of Costello was not the proximate cause of the Graves plaintiffs' injuries.  (October 16, 2007 Court Order, attached hereto as Exhibit H.)   As an "additional insured" under the Liberty Mutual insurance Policy issued to Costello, Liberty Mutual only insured APAC for liability incurred as a result of some negligent act or omission of Costello.

## C.    APAC's Lawsuit Against Costello.

APAC filed the APAC v. Costello Lawsuit on or about January 25, 2007, well before Liberty Mutual filed the instant action.  In the APAC v. Costello Lawsuit, APAC is also seeking indemnity for its voluntarily settlement of the Graves lawsuit and has sued, in addition to Costello, Costello's excess insurer, the

Insurance Company of the State of Pennsylvania and APAC's insurance broker, Lockton Insurance Agency.   (APAC v. Costello Lawsuit Amended Complaint, attached hereto as Exhibit I.)   The APAC v. Costello Lawsuit concerns the underlying Graves Lawsuit, which is the same underlying suit at issue in the present action.   Indeed, Liberty Mutual is providing a defense to Costello in the APAC v. Costello Lawsuit through attorney Robb Cruser, of Cruser & Mitchell, the same lawyer that represented Costello in the Graves Lawsuit.   Moreover, the majority of the documents sought in the present motion involve Robb Cruser's communications, advice and mental impressions.   The APAC v. Costello Lawsuit is currently pending.

**D.      Discovery Dispute in the Present Matter.**

During discovery in this matter, APAC has sought all documents related to the Graves Lawsuit, including those from the Costello claim file.   Liberty Mutual has produced the APAC and Costello claims files, with the exception of any documents over which Liberty Mutual has asserted attorney-client privilege or work product protection.   However, there are certain documents which APAC still demands.   The vast majority of the documents that are the subject of this motion are from the Costello claim file.   The only exceptions are certain documents related to litigation guidelines Liberty Mutual provides to its attorneys and reserves.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**A.    APAC Is Not Entitled to Privileged Documents.**

APAC's claim that it needs privileged documents from the Costello claim file to evaluate whether Liberty Mutual acted in bad faith by refusing to tender its Policy limit to APAC is unavailing.   APAC's contentions regarding Liberty Mutual's handling of the APAC claim file does not provide a basis for production of the Costello claim file.   Liberty Mutual set up a separate claim file for APAC and handled it separately.   Indeed, APAC recognized that it was in a conflict position with Costello and requested separate counsel.

There is simply no basis for APAC to obtain privileged communications from the Costello claim file.   The documents sought either reflect attorney-client communications with in-house counsel or retained defense counsel, Robb Cruser, or are internal documents reflecting on the advice and mental impressions of counsel.   These types of documents have been produced from the APAC claim file.[2]   But not satisfied with Liberty Mutual's production of its own claim file, APAC seeks the production of the entire Costello claim file – the claim file of a

---

[2]  The only documents withheld as privileged from the APAC claim file before APAC's voluntary settlement relate to coverage evaluations by in-house counsel.   APAC seeks one of these communications (document 11).   Its motion to compel also seeks work product concerning APAC's voluntary settlement (document 19).   Its motion to compel these documents from the APAC claim file should also be denied.

separate insured with which APAC had a conflict and against whom APAC has filed suit over the same underlying matter.   Liberty Mutual opposes APAC's efforts to obtain these documents because they are privileged, and neither Liberty Mutual, nor Costello have waived the privilege.   Further, production of these documents would be prejudicial to Costello, for which Liberty Mutual is providing a defense in the  APAC v. Costello lawsuit.

  **1.**  **The Documents APAC Seeks Are Protected by the Attorney-Client Privilege and/or Work Product Doctrine.**

"Under Georgia law, a client's communications to his attorney are privileged."  *Shipes v. BIC Corp.*, 154 F.R.D. 301, 304 (M.D. Ga. 1994) (citing O.C.G.A. § 24-9-24 (1982)).   This privilege is absolute.  *Id.*   The work product doctrine protection "attaches to documents and other items produced by a party or its representative in anticipation of litigation."  *Id.* at 304-305 (citing Fed. R. Civ. P. 26(b)(3)).   "A party's representative includes its attorney, insurer, employee or other agent, so long as they were working on behalf of the party and preparing the document with the prospect of litigation in mind."  *Id.* at 305 (citing *Lott v. Seaboard S.R., Inc.*, 109 F.R.D. 554, 557 (S.D. Ga. 1985)).   Notably, "[d]ocuments which were produced in anticipation of litigation in one case remain protected in a separate case, at least where the cases are closely related."  *Id.* (citing *Fine v. Facet*

*Aerospace Products Co.*, 133 F.R.D. 439, 445 (S.D.N.Y. 1990); *In re Grand Jury Proceedings*, 73 F.R.D. 647 (M.D. Fla. 1977)).

Once Liberty Mutual establishes that the documents sought by APAC are protected by the work product privilege, "the burden is on [APAC] to make a sufficient showing of 'substantial need' and 'undue hardship' as required by Rule 26(b)(3) to overcome the protection afforded by said rule." *Lott*, 109 F.R.D. at 557 (citing *Byers v. Burleson*, 100 F.R.D. 436, 439 (D.D.C. 1983)). In this case, the documents which Liberty Mutual has withheld were produced in anticipation of the Graves Lawsuit and are protected by the attorney-client privilege and/or work product doctrine.[3] The attorney-client privilege is absolute and, contrary to APAC's arguments to the contrary, neither Liberty Mutual nor Costello have waived this privileged. Further, APAC cannot meet its burden of demonstrating that the work product privilege should be overcome.

**a.    APAC Is Not Entitled to Privileged Documents From the Costello Claim File.**

APAC relies on *International Indem. Co. v. SAIA Motor Freight Line, Inc.*, 478 S.E.2d 776 (Ga. Ct. App. 1996), to contend that it is entitled to Costello's

---

[3] Documents 43, 44, 45, 49, 58, 64, 65, 66, 67, 70, 71, 73, 80, 81, 84, 85, 87, 88, 89, 91, 92, 93, 96, 97, 98, 99 and LM 00654 are communications with counsel retained to represent Costello. Documents 20, 23, 25, 26, 40, 41, 46, 47, 48, 50, 51, 52, 53, 54, 57, 60, 61, 62, 63, 68, 74, 75, 76, 82, 83, 86, 90, 100 and LM 00191-92 are internal documents which reflect attorney-client communications, communications based on discussions with counsel, and evaluations of coverage issues by Liberty Mutual's in-house counsel.

"entire claim file."   However, this case is not dispositive and is distinguishable

from the matter at hand.   In *SAIA*, the insurance company failed to provide a

defense for the additional insured.   In the additional insured's subsequent action for

bad faith, the court ordered the production of those documents not protected by the

attorney-client privilege.   Notably, in that case, the claim file of the primary

insured was the only claim file available because the insurer never provided a

defense to the additional insured.   Here, in contrast, Liberty Mutual accepted

APAC's tender of defense and set up a separate claim file once a conflict was

identified.   Liberty Mutual has produced the APAC claim file.   In addition, unlike

SAIA, Liberty Mutual has produced non-privileged documents from the Costello

claim file.

APAC's claim that it needs to see the Costello claim file to evaluate whether

Liberty Mutual acted in bad faith by refusing to tender its Policy limit is

unavailing.   First, Liberty Mutual has produced the APAC claim file.   Further, the

Liberty Mutual Policy would only respond if APAC's liability resulted from some

negligent act or omission by Costello.   Moreover, and most significantly, the court

in the Graves Lawsuit has ruled as a matter of law that any negligence on the part

of Costello was not the proximate cause of the Graves plaintiffs' injuries.

Therefore, there is no basis, whatsoever, for APAC to claim coverage under the

AT1 30058891.1

Liberty Mutual Policy.   Indeed, since there is no basis for coverage for APAC under the Liberty Mutual Policy, there can be no bad faith claim under Georgia law.

Finally, many of the communications APAC is seeking are communications with Robb Cruser, counsel retained to represent Costello.   Attorney Cruser also represents Costello in the APAC v. Costello Lawsuit.   It would be highly prejudicial to produce to APAC in the present lawsuit the mental impressions of an attorney representing a defendant in a separate lawsuit brought by APAC.

> **b.      APAC Is Not Entitled to Harvey Whichard's Privileged Correspondence With Counsel Retained to Defend Costello.**

Liberty Mutual does not dispute that Mr. Whichard was serving as the Liberty Mutual claims representative for APAC between February 9, 2006 and May 25, 2006.   However, the communications APAC seeks from this time period have nothing to do with APAC's defense.   Rather, the communications from this time period are communications with Cruser & Mitchell, counsel retained to represent Costello.   The communications pertain to Costello's defense only.   Such communications are protected by the attorney-client privilege.   APAC acknowledges that its defense was never transitioned to Cruser & Mitchell. (Toolan Depo., Exhibit D hereto, at p. 141, l. 3 to p. 144, l. 23.)   Further, APAC acknowledged that it had a conflict with Costello.   (February 21, 2006 letter,

Exhibit E hereto.)  Specifically, APAC seeks documents 64, 65, 67, 70, 91, 92 and 93 which are all clearly listed as communications with Cruser & Mitchell.  These documents are protected by the attorney-client privilege and work product doctrine.

In addition, APAC seeks documents 69 and 90.  Document 69 reflects a legal opinion related to coverage provided by in-house counsel, Timothy Schoeppler.  Document 90 is an internal communication forwarding a privileged communication with Robb Cruser of Cruser & Mitchell and discussing the same.

The clear information provided on Liberty Mutual's privilege log demonstrate that the documents sought by APAC are not APAC claim communications, but, rather, are protected attorney-client communications pertaining to Costello.  Although Harvey Whichard was acting as the Liberty Mutual claims representative for Costello and APAC at the time of the communications, Cruser & Mitchell had not taken on APAC's defense, and these communications are privileged and should not be produced.[4]

---

[4] Notably, Craig Hall represented APAC until Carter & Ansley took over its representation, and Liberty Mutual reimbursed APAC for Mr. Hall's legal fees incurred during this period.  (Toolan Depo., Exhibit D hereto, at p. 42, ll. 22-25.)

### c.     APAC Is Not Entitled to Document 45.

APAC argues that document 45 must be produced because Milton Harrelson was copied, and Milton Harrelson was the Liberty Mutual claims representative assigned to the APAC file.  Document 45, however, is a privileged document containing attorney-client communications between Liberty Mutual and counsel retained to represent Costello, as well as internal Liberty Mutual communications discussing counsel's advice and mental impressions.  The attorney-client privilege belongs to Liberty Mutual and Costello.  The privilege between Liberty Mutual and counsel retained to represent Costello has not been waived simply because Milton Harrelson, another employee of Liberty Mutual, sees the document.  Document 45 is a privileged communication from the Costello claim file and should not be produced.

### 2.     Liberty Mutual Has Not Waived the Privileges.

The cases cited by APAC where a party puts its attorney-client communications at issue are not germane to this dispute.  While Harvey Whichard did not testify regarding the claims handling and strategy in defending Costello, he did testify that he did not oversee the APAC claim file once the separate claim file was established.  (Deposition of William Harvey Whichard, excerpts attached hereto as Exhibit J, at p. 43, ll. 1-9.)  Milton Harrelson, the adjuster who APAC

- 16 -

alleges has waived Liberty Mutual's privilege over communications with Costello's counsel, <u>never</u> spoke to Costello's counsel.  APAC's efforts to try to open the door to Costello's privileged documents through another Liberty Mutual employee, who was not party to the communications at issue, should be prevented.

A more instructive case than those cited by APAC is *Clausen v. National Grange Mut. Ins. Co.*, 730 A.2d 133 (Del. Sup. Ct. 1997).  In that case, the issue was, "[a]t what point, if any, does an insured's bad faith action against his insurer permit the insured access to the insurer's claims file and to other materials relevant to the bad faith claim but to which the insurer asserts both the attorney-client privilege and the work product privilege?"  *Id.* at 134.  The insured asserted that the insurer wrongfully handled its personal injury protection claims without reasonable justification and in bad faith.  Documents sought during discovery included the insurer's complete claims file.  The insurer did not produce attorney-client privileged documents or those documents protected by the work product doctrine.  The court noted that "[b]ringing a 'bad faith' action does not in and of itself waive the privilege, nor does filing an answer which denies an unreasonable justification for non-payment and alleges an affirmative defense of the insured's failure to supply necessary information."  *Id.* at 141.  The court found that the insurer's claims of privilege were not frivolous and the insured had not made a

AT1 30058891.1

showing sufficient to justify abrogating either the attorney-client or work product privileges.

Moreover, the *Clausen* court noted that the attorney-client privilege is waived "only when the insurer makes factual representations which implicitly rely upon legal advice as justification for non-payment of claims." *Id.* at 143.  In the present case, the factual assertions that APAC relies on as a basis for waiver were made by Milton Harrelson.  Yet, Milton Harrelson was not privy to the Costello claim file.  Therefore, Mr. Harrelson could not have opened the door to privileged documents in the Costello claim file.  Further,  Liberty Mutual's decision to deny APAC's demand for Liberty Mutual's $1,000,000 Policy limit, was based on the fact that APAC voluntarily settled the Graves lawsuit, without Liberty Mutual's consent.  (*See* April 2, 2007 letter, Exhibit G hereto.)  Mr. Harrelson has not represented that he relied upon privileged documents in the Costello claim file to justify Liberty Mutual's decision to deny APAC's demand for reimbursement of APAC's voluntary settlement.  APAC has failed to provide a sufficient basis to justify abrogating the privileges and APAC's motion to compel should be denied.

AT1 30058891.1

### 3.     Disclosing Privileged Documents From the Costello Claim File Would Prejudice Costello in the APAC v. Costello Lawsuit.

Given that the Graves Lawsuit, in which Costello was a named defendant, was still ongoing at the time this action was initiated,[5] and the fact that APAC has sued Costello in another lawsuit, Liberty Mutual does not agree with APAC's contention that the privileges asserted with respect to the Costello claim file are inapplicable.    Such production would be prejudicial to Costello and Liberty Mutual.

Notably, APAC cites *State Farm Mut. Auto. Ins. Co. v. Smoot*, 381 F.2d 331, 337 (5th Cir. 1967), for the proposition that an "insurer must accord the interest of the insured the same faithful consideration it gives its own interest."   However, APAC would have this Court place APAC's interests before those of Costello, the primary insured.   First, APAC demanded Liberty Mutual's full Policy limit after voluntarily settling the Graves Lawsuit, despite the fact that Liberty Mutual was still providing a defense to Costello.     Further, APAC is now requesting communications with Costello's counsel, who is defending Costello in the APAC

---

[5] By Order dated October 16, 2007, the Judge in the Graves Lawsuit granted summary judgment in favor of Costello, finding as a matter of law, that any negligence on the part of Costello was not the proximate cause of the Graves plaintiffs' injuries.   As an additional insured under the Liberty Mutual Policy issued to Costello, Liberty Mutual only agreed to provide coverage to APAC for liability incurred as a result of some negligent act or omission by Costello.
.

v. Costello Lawsuit.  APAC's efforts to obtain discovery in this case that it can use

against a defendant in a separate action should be denied.[6]

**B.     APAC Is Not Entitled to the Privileged Documents Sought in its Request to Produce Document No. 7.**

Through its Request for Production of Documents No. 7, APAC requests

"[a] copy of any and all policies, procedures or guidelines utilized or maintained

by you that pertain to reporting requirements for counsel retained for your

insured(s), and/or additional insured(s) in effect during 2005 to present."  Liberty

Mutual has not produced responsive documents on the basis that they are

confidential and proprietary documents that are privileged and not relevant or

reasonably calculated to lead to the discovery of admissible evidence.

Any responsive documents are protected by the attorney-client privilege

because they are documents and communications between Liberty Mutual and its

retained counsel.  Liberty Mutual has drafted these guidelines specifically to

provide them to its lawyers.  Given that these documents are protected attorney-

client communications and not relevant to the claims in this matter, APAC's

motion to compel these documents should be denied.

---

[6] Note this is the second time APAC has tried to use this lawsuit to obtain discovery related to the APAC v. Costello Lawsuit.  It recently tried to compel the deposition of another defendant in that matter, Insurance Company of the State of Pennsylvania, though the parties were able to resolve that dispute.

AT1 30058891.1

**C.     APAC Is Not Entitled to Irrelevant Reserve Information.**

Liberty Mutual has not produced information related to reserves set on the Costello or APAC claims files because this information is confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence. Liberty Mutual had a single $1,000,000 per occurrence limit of liability applicable to the Graves Lawsuit.  Mr. Whichard testified that Liberty Mutual recognized that the exposure of Costello and APAC exceeded $1,000,000 and that the entire limit had been reserved.  (Whichard Depo., Exhibit J hereto, at p. 63, l. 18 to p. 64, l. 13; p. 98, l. 21 to p. 99, l. 10.)

Generally, courts rule that reserve information is not relevant or reasonably calculated to lead to admissible evidence.  *See Coltec Industries, Inc. v. Am. Motorist Ins. Co.*, 197 F.R.D. 368, 372 (N.D. Ill. 2000)(stating that "[g]enerally, courts have refused to order production of such material"); *National Union Fire Ins. Co. of Pittsburgh, PA v. Stauffer Chemical Co.*, 558 A.2d 1091 (Del Super. Ct. 1989) (holding that information on reserves was not reasonably calculated to lead to the discovery of admissible evidence, and was therefore not discoverable).  In those cases where reserve information is ordered to be produced, generally the insured has brought a bad faith claim and there is some dispute as to the case valuation by the insurer.  *See Central Ga. Anesthesia Svs., P.C. v. The Equitable*

*Life Assur. Soc. of the U.S.*, No. 06-CV-25(CAR), 2007 U.S. Dist. LEXIS 53791, at *6 (M.D. Ga. July 25, 2007).

In this case, there is no dispute that Liberty Mutual recognized that the full limits of its Policy were exposed in the Graves Lawsuit due to the severity of the injuries.  APAC's argument on page 16 of its Memorandum of Law in Support of its Motion to Compel Discovery that "[e]vidence of an intention to make an offer in excess of Liberty Mutual Policy limits on behalf of Costello would clearly be admissible evidence to contradict Liberty Mutual's claims that it has incurred any alleged damages" is rank speculation.  Moreover, reserve information is not evidence of any intention to make an offer of settlement.  Courts have recognized that reserves are "usually mandated, not volitional, and therefore not indicative of the insurer's valuation of a particular claim."  *Id.* at *6 (citing *Signature Dev. Co., Inc. v. Royal Ins. Co. of America*, 230 F.3d 1215, 1223 (10th Cir. 2000)).  Further, this argument is entirely misplaced given that Liberty Mutual provided a defense to APAC.  APAC's effort to manufacture an argument for confidential reserve information that is not relevant in this matter should not prevail and its motion to compel this information should be denied.

## CONCLUSION

Because the documents sought are protected by the attorney-client privilege and/or work product doctrine or are confidential reserve information that is not relevant, APAC's Motion to Compel Discovery should be denied.  Further, there is no basis to reopen the depositions of Milton Harrelson and Harvey Whichard.  To the extent that the Court believes that there is merit to any of APAC's contentions that it is entitled to certain discovery, Liberty Mutual would request that the Court conduct an *in camera* review before ordering the production of any documents.

In addition, Liberty Mutual submits that APAC's request for fees pursuant to Fed. R. Civ. P. 37(a)(4)(A) should be denied because Liberty Mutual's failure to produce the documents sought by APAC's Motion to Compel Discovery is substantially justified.  As the Supreme Court has indicated, Liberty Mutual's discovery conduct "should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'"  *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Given the privileged nature of the documents sought and the potential prejudice to Costello, Liberty Mutual's position is reasonable.  Therefore, Liberty Mutual respectfully requests that the Court deny APAC's Motion to

Compel Discovery and award fees to Liberty Mutual pursuant to Fed. R. Civ. P. 37(a)(4)(B).

This <u>10th</u> day of December, 2007.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

/s/ Heidi H. Raschke
Georgia Bar No. 594937
James V. Chin
Georgia Bar No. 124827
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
(404) 760-4300

ATTORNEYS FOR PLAINTIFF LIBERTY MUTUAL FIRE INSURANCE COMPANY

AT1 30058891.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

LIBERTY MUTUAL FIRE      )
INSURANCE COMPANY,        )
                          )
        Plaintiff,        )
v.                        )        CASE NO.: 1:07-CV-1516-JEC
                          )
APAC-SOUTHEAST, INC.,  f/k/a  )
APAC-GEORGIA, INC.,       )
                          )
        Defendant.        )
_____)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>10th</u> day of December, 2007, I electronically filed the foregoing Liberty Mutual Fire Insurance Company's Memorandum of Law in Opposition to Defendant APAC-Southeast, Inc.'s Motion to Compel Discovery with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to the following:

M. Craig Hall
Law Offices of M. Craig Hall, LLC
1535 Mt. Vernon Road, Suite 200
Dunwoody, GA 30338

/s/ Heidi H. Raschke

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

AT1 30058891.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

LIBERTY MUTUAL FIRE                )
INSURANCE COMPANY,                 )
                                   )
        Plaintiff,                 )
v.                                 )          CASE NO.: 1:07-CV-1516-JEC
                                   )
APAC-SOUTHEAST, INC.,  f/k/a       )
APAC-GEORGIA, INC.,                )
                                   )
        Defendant.                 )
_____    )

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

/s/ Heidi H. Raschke

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

AT1 30058891.1