IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.: 1:07-CV-1516 JEC |
| v. | )<br>) |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., | )<br>)<br>) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | )<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO "ALLOW EXPERT DEPOSITIONS TO BE COMPLETED OUTSIDE THE DISCOVERY PERIOD"**

Plaintiff's Motion to "Allow Expert Depositions to be Completed Outside the Discovery Period" is a nothing more than a transparent effort to disguise Liberty Mutual Fire Insurance Company's ("Liberty Mutual") efforts to overcome what it knows all too well to be its anticipated untimely expert disclosure. APAC-Southeast, Inc. ("APAC") has previously agreed to allow Liberty Mutual to depose its designated expert outside of the discovery period. Therefore, Liberty Mutual's Motion is simply a request that it be allowed to (a) disclose its own expert in violation of the requirements of Fed.R.Civ.P. 26; and (b) force an arbitrary date upon APAC to depose its untimely designated expert outside of the discovery period and without even affording APAC an opportunity to properly review and

digest its proposed expert's opinions and bases therefore.

Significantly, with only days remaining in the extended discovery period which Liberty Mutual fought against, Liberty Mutual has still not disclosed any expert it seeks to call as a witness. Instead, Liberty Mutual tucked a footnote in its Motion to "Allow Expert Depositions Outside of the Discovery Period" and for the first time identified Mr. John D. Cole as an individual Liberty Mutual would like to have serve as an expert in this matter. (Motion, footnote 2). Even as of the filing of this Response – only days before the extended discovery period closes – Liberty Mutual has failed to produce the required Rule 26 expert report for Mr. Cole. For the reasons noted herein, Liberty Mutual's alleged request to authorize the deposition of an expert which it has not yet properly disclosed should be denied.

> **Liberty Mutual has been in possession of Dr. Ryles' Rule 26 report since early December 2007, and Liberty Mutual still has not properly disclosed any expert that it seeks to call as a witness – much less any expert which APAC is required to depose on October 7, 2008. Liberty Mutual's request to conduct the deposition of its own expert outside the discovery period at a date arbitrarily chosen by it is simply a thinly masked effort to overcome an untimely expert disclosure and should be denied.**

In its purported Motion to "Allow Expert Depositions to be Completed Outside the Discovery Period," Liberty Mutual suggests that it is seeking "an accommodation to allow the deposition of Liberty Mutual's rebuttal expert to be taken on Tuesday, October 7, 2008." (Motion, p. 2). By characterizing its request

2

in this fashion, Liberty Mutual appears to represent that it has previously disclosed an expert to rebut the testimony of Dr. Ryles, APAC's expert witness. Such a representation is simply false. Until the filing of this Motion, Liberty Mutual had not disclosed that it intended to call Mr. John D. Cole to serve as an expert on its behalf.[1] Significantly, even today, Liberty Mutual has still not produced the required Rule 26 report containing Mr. Cole's opinions. Undoubtedly, it has not produced such a report because the report does not currently exist due to Liberty Mutual's inexplicable delay in seeking to rebut testimony from APAC's expert. Liberty Mutual has had Dr. Ryles' detailed expert witness report in its possession since early December 2007 – <u>over 9 months</u>.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides as follows:

> Except as otherwise stipulated or directed by the court, **[the expert witness] disclosure shall**, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, **be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a**

---

[1] As noted in the exhibits to Liberty Mutual's Motion, Liberty Mutual began to suggest an intent to call a "rebuttal expert" on August 20, 2008. Liberty Mutual attempts to color its delay as a result of failed settlement negotiations. However, Liberty Mutual acknowledges that the mediation it references concluded on July 21, 2008. Despite this fact, Liberty Mutual still has not produced the required Rule 26 report – undoubtedly because it does not have one prepared due to its delay in securing an expert witness.

**summary of or support for the opinions ... .**

Emphasis supplied. Accordingly, by the very terms of Rule 26, an expert witness disclosure **must** be accompanied by the expert witness' Rule 26 written report containing a "complete statement of all opinions to be expressed and the basis and reasons therefore." Liberty Mutual has still not produced such a report – and, accordingly, Liberty Mutual has still not properly disclosed an expert in the manner expressly provided for by the Federal Rules of Civil Procedure. As a result, Liberty Mutual's "Motion to Allow Expert Depositions to be Completed Outside the Discovery Period" fails as a matter of law, as Liberty Mutual has not properly disclosed an expert who may testify in this action.

> **The Irony of Liberty Mutual's current predicament cannot be overstated, as Liberty Mutual previously moved to strike the testimony of APAC's expert witness on the basis that its disclosure – which occurred over 9 months ago - was untimely.**

On December 14, 2007, <u>over nine months ago</u>, Liberty Mutual filed its Motion to Strike Defendant's Expert Designation. The designation at issue was that of Dr. Ryles. At the time that APAC disclosed Dr. Ryles, it complied with Rule 26 and produced Dr. Ryles' written report containing a "statement of all opinions to be expressed and the basis and reasons therefore." Liberty Mutual is now seeking to circumvent Rule 26 which, ironically, is the very rule that it sought to be strictly enforced against APAC, albeit in a distorted fashion, a little over nine

months ago.

The sole basis for Liberty Mutual's Motion to Strike APAC's designation of Dr. Ryles was its allegation that Local Rule 26.2(C) required that APAC disclose Dr. Ryles sufficiently early in the discovery period to enable Liberty Mutual to depose him within the discovery period. Despite this fact, Liberty Mutual did not even bother to ask for available deposition dates for APAC's expert witness until August 20, 2008 – with less than 1 month remaining in the extended discovery period.[2] Liberty Mutual has failed to disclose any purported expert witness to testify on its behalf until the filing of this Motion only five days prior to the close of an extended discovery period which it opposed as being unnecessary. As of the date of this filing, Liberty Mutual still has neither supplemented its discovery responses nor complied with Rule 26 and produced any expert witness report. As such, it has still not "disclosed" an expert in the manner required by Rule 26.

Liberty Mutual has specifically referenced its proposed expert as a rebuttal expert. This is significant because it evidences that Liberty Mutual has had more than ample opportunity to comply with Rule 26 and produce the required expert witness report, as Liberty Mutual has been in possession of Dr. Ryles' opinions and bases therefore since December 2007. There is absolutely nothing that

---

[2] Even then, Liberty Mutual offered very few dates to depose Dr. Ryles, and APAC agreed to produce Dr. Ryles for

prohibited Liberty Mutual from timely disclosing an expert prior to the eve of the close of an extended discovery period – after APAC has already filed a Motion for Partial Summary Judgment against Liberty Mutual.

### Liberty Mutual's prior Motion to Strike defeats its current attempt to disclose an expert outside the parameters of Fed.R.Civ.P. 26 and Local Rule 26.2

Liberty Mutual previously advised the Court exactly why its belated effort to circumvent Rule 26 and disclose an expert outside the parameters set by Fed.R.Civ.P. 26 must be denied. Specifically, as stated by Liberty Mutual in its Motion to Strike, Liberty Mutual's late disclosure[3] violated Local Rule 26.2(C), which states:

> [a]ny party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's

---

deposition on the first date that he was available, and Liberty Mutual acknowledges this fact in its Motion.

[3] The current situation is not simply an ironic change of position of the parties. At the time that Liberty Mutual sought to exclude APAC's expert witness, APAC was without fault and had diligently worked to advance discovery. Liberty Mutual, on the other hand, had repeatedly thwarted and denied efforts by APAC to engage in discovery. In overcoming Liberty Mutual's Motion to Strike, APAC demonstrated to the Court that it produced its Rule 26 report and disclosed its expert in a timely fashion – despite Liberty Mutual's delaying tactics. In the present case, it is simply undeniable that Liberty Mutual has possessed all information it needed to determine whether it, the Plaintiff, sought to introduce expert testimony. Liberty Mutual has been in possession of Dr. Ryles' Rule 26 report since December 2007. Even as of the date of this submission, Liberty Mutual has not yet bothered to comply with Rule 26 and properly disclose any expert. Instead, Liberty Mutual filed the present Motion in an effort to disguise this failure on its part.

> expert, *unless expressly authorized by court order based upon a showing that the failure to comply was justified.*

(Emphasis Added). In order to avoid exclusion of its expert, the standard is not whether there is harm or prejudice to APAC. The standard is that Liberty Mutual must receive express authorization from the Court based on a showing that its failure to comply with the Local Rules was justified. In the present case, Liberty Mutual has not yet even disclosed an expert to be excluded, much less sought express authorization from the Court showing that its failure to comply with the Local Rules was justified. The reason for this failure on the part of Liberty Mutual is clear, as it cannot meet this standard because there is no justification for its delay in identifying an expert.

Liberty Mutual's prior citation to Morrison v. Mann, 244 F.R.D. 668 (N.D. Ga. 2007) proves fatal to its current efforts. As Liberty Mutual noted, the Mann Court excluded the testimony of an expert identified by plaintiffs after the close of discovery, reasoning that "[b]oth Local Rule 26.2C and Federal Rule 37 ... indicate that a party may avoid the [] exclusionary restrictions if the party's untimely disclosure was appropriately justified." Id. at 673. "[T]he appropriateness of a party's justification turns upon whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." Id. (citing APA Excelsior III, L.P. v. Windley, 329 F.Supp.2d

1328, 1338 (N.D. Ga. 2004).

In <u>Mann</u>, the Court ruled that the defendants' disclosure of an expert at the end of the discovery period did not excuse the plaintiffs' untimely expert disclosure, reasoning that the plaintiffs should have known that a medical expert was necessary to prove their causes of action. Id. at 674. The Court therefore prohibited the plaintiffs' from introducing the testimony of their expert.

Applying the <u>Mann</u> Court's reasoning to the present dispute, it is clear that Liberty Mutual should be prohibited from introducing the testimony of its "designated expert." Liberty Mutual has been in possession of Dr. Ryles' written opinions since December 2007. Liberty Mutual should have known that it wanted to rebut Dr. Ryles' testimony through the use of an expert sufficiently in advance to allow it to timely disclose its expert as required by Local Rule 26.2(C) – not at the end of an extended discovery period that it argued was unnecessary. <u>See also</u> <u>Excelsior</u>, 329 F.Supp.2d 1328 (N.D. Ga. 2004); <u>Reese v. Herbert</u>, 2006 U.S. Dist. LEXIS 46403 (N.D. Ga. 2006); <u>Hammond v. Gordon County</u>, 316 F.Supp.2d 1262 (N.D. Ga. 2002); <u>Carolina Cas. Ins. Co. v. R.L. Brown & Assoc., Inc.</u>, 2007 U.S. Dist. LEXIS 5115 (N.D. Ga. 2007).

### Liberty Mutual has failed to articulate any colorable position in support of its effort to allow it to circumvent Rule 26, and the text of Rule 26 defeats Liberty Mutual's Motion.

Liberty Mutual's only apparent argument so support its effort to allow it to disclose its expert this late in the extended discovery period – and prior to it even producing the required Rule 26 report – is its unsupported, incorrect assertion that the "sequence of the Rule [26] suggests that a party should have the right to depose the expert disclosed by an opposing party and then, if desired, name its own expert and have that expert deposed." Ironically, a review of Rule 26 defeats this very argument, as rule 26(a)(2)(c)(ii) expressly provides "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), <u>within 30 days after the other party's disclosure</u>." (Emphasis Added). Consequently, Rule 26 itself defeats Liberty Mutual's "sequencing" argument, as the express sequence provided by the rule required Liberty Mutual to produce its expert witness report within 30 days after APAC's disclosure.

Moreover, it is significant that APAC is the defendant in this action. It is commonly recognized that the Plaintiff is to disclose its expert(s) prior to the Defendant. In the present case, APAC, the Defendant, disclosed its expert and produced the detailed Rule 26 report prior to the beginning of the extended

discovery period. Liberty Mutual had ample opportunity to timely disclose an expert if it desired to rely upon such testimony. It failed to do so, and its current effort to circumvent that failure should be denied.

Finally, the cases cited by Plaintiff are readily distinguishable from the present dispute. Plaintiff cites <u>Gainor v. Douglas Cty.</u>, 59 F.Supp.2d 1259 (Ga. 1998) for the proposition that a party fails to comply with Local Rule 26.3C when it does not make the expert available to be deposed sufficiently early in discovery. In <u>Gainor</u>, the plaintiff disclosed its expert in its initial disclosures shortly following the filing of the Complaint on February 10, 2007. It failed to produce its Rule 26 expert report until August 13, 1997 "despite repeated prodding by defendants" when discovery was to expire in less than 1 month. The Court also noted that there was a willful effort on the part of the plaintiff to disregard the obligations of Rule 26. Id. These facts are simply not present in the current dispute.

Plaintiff also relies <u>Bennett v. CSX Transp., Inc.</u>, 2006 U.S. Dist. LEXIS 66962 (N.D. Ga. 2006) for the tenant that "the federal rules do not support trial by ambush." In the present case, Liberty Mutual has been in possession of Dr. Ryles' written Rule 26 report for over nine months – there is simply no concern of an unexpected ambush present. Also, <u>Bennett</u> involved a situation where a medical

examination conducted outside of the discovery period resulted in the discovery dispute. Again, there are no such circumstances at issue in this case.

Finally, Plaintiff relies upon ACMG of Louisiana, Inc. v. Towers Perrin, Inc., 2007 U.S. Dist. LEXIS 91291 (N.D. Ga. 2007). ACMG is likewise distinguishable. The Court there was considering a Motion to Strike a rebuttal expert report which allegedly exceeded the scope of the underlying expert report to which it was rebutting. Id. Again, the facts of the present dispute are simply not analogous.

**CONCLUSION**

A party may not be forced to depose another party's expert witness without being afforded the opportunity to review and study the opposing expert's Rule 26 report. This, however, is precisely what Liberty Mutual is asking the Court to require, as it has not yet produced its Rule 26 report, and it is seeking an Order from this Court requiring APAC to depose its expert at an arbitrary date selected by Liberty Mutual – without consultation with APAC. Liberty Mutual has not even properly disclosed an expert that it seeks to testify, and any belated effort to do so should be rejected by the Court. For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Allow Expert Depositions to be Completed Outside the Discovery Period.

Respectfully submitted this 16th day of September, 2008.

        APAC, Inc. Law Department

        /s/ M. Craig Hall
        M. Craig Hall
        Georgia Bar No. 319220
        900 Ashwood Parkway, Suite 700
        Atlanta, GA 30338
        Telephone (770) 392-5310
        Facsimile (770)392-5305
        Craig.Hall@APAC.com

        ATTORNEY FOR DEFENDANT
        APAC-SOUTHEAST, INC. f/k/a
        APAC-GEORGIA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James Chin, Esquire
Robins, Kaplan, Miller & Cirisi, L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326

This 16th day of September 2008.

/s/ M. Craig Hall
M. Craig Hall
GBN: 319220
Counsel for Defendant

APAC, Inc. Law Department
900 Ashwood Parkway, Suite 700
Atlanta, GA 30338
(phone) 770/392/5310
(facsimile) 770/392/5305
Craig.hall@APAC.com

## LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to Local Rule 7.1(D), I hereby certify that this brief has been prepared with Times New Roman, 14 point.

/s/ M. Craig Hall
M. Craig Hall