IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

LIBERTY MUTUAL FIRE                )
INSURANCE COMPANY,                 )
                                   )
         Plaintiff,                )    CIVIL ACTION NO.: 1:07-CV-1516 JEC
v.                                 )
                                   )
APAC-SOUTHEAST, INC.,  f/k/a       )
APAC-GEORGIA, INC.,                )
                                   )    JURY TRIAL DEMANDED
         Defendant.                )
_____)

## MOTION TO STRIKE
## PLAINTIFF'S EXPERT DESIGNATION

Pursuant to Local Rule 26.2(C), APAC-Southeast, Inc. ("APAC") hereby moves this Court for an Order Striking Plaintiff Liberty Mutual Fire Insurance Company's ("Liberty Mutual") untimely expert designation.  Under Local Rule 26.2(C), a party who desires to use the testimony of an expert witness "shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery."

On September 17, at approximately 11:00 p.m. and less than forty-eight

hours prior to the close of discovery, Liberty Mutual served an amended Initial Disclosure in which it purports to disclose, for the first time, an expert witness that it seeks to call in the present action.  Significantly, the purported Rule 26 report of Liberty Mutual's designated expert is also dated September 17, 2008 – <u>confirming that it was only authored and produced on the very eve of the close of an extended discovery period which Liberty Mutual opposed as being unneeded</u>.  For the reasons stated herein, as well as the reasons offered in Response to Liberty Mutual's Motion to Allow Expert Depositions to be Completed Outside the Discovery Period, which Defendant incorporates herein, Plaintiff's untimely expert designation should be stricken.

### Liberty Mutual has been in possession of Dr. Ryles' Rule 26 report since early December 2007

As noted by APAC in its Response to Liberty Mutual's Motion to Allow Expert Depositions to be Completed Outside the Discovery Period, Liberty Mutual had not even produced the required Rule 26 expert report at the time it filed its Motion seeking to force APAC to depose its expert on a date unilaterally selected by Liberty Mutual – and prior to Liberty Mutual's proper designation of any such expert.  As anticipated by APAC, the Rule 26 report of Liberty Mutual's expert is dated September 17, 2008 – confirming the obvious fact that Liberty Mutual has delayed an inordinate amount of time in retaining an expert witness and that its

violation of the tenants of Rule 26 require that its untimely expert designation be rejected.

Liberty Mutual has identified its expert as a rebuttal expert. This is significant because it evidences that Liberty Mutual has had more than ample opportunity to comply with Rule 26 and produce the required expert witness report, as Liberty Mutual has been in possession of Dr. Ryles' opinions and bases therefore since December 2007. There is absolutely nothing that prohibited Liberty Mutual from complying with Rule 26 and timely disclosing an expert prior to the eve of the close of an extended discovery period – after APAC has already filed a Motion for Partial Summary Judgment against Liberty Mutual.

> **Liberty Mutual's prior Court filings defeat its current effort to disclose an expert at this late stage of the litigation. Indeed, Liberty Mutual previously moved to strike the testimony of APAC's expert witness on the basis that its disclosure – which occurred over 9 months ago -  was untimely.**

On December 14, 2007, <u>over nine months ago</u>, Liberty Mutual filed its Motion to Strike Defendant's Expert Designation. Liberty Mutual is now seeking to circumvent Rule 26 which, ironically, is the very rule that it sought to be strictly enforced against APAC, albeit in a distorted fashion, a little over nine months ago. The sole basis for Liberty Mutual's Motion to Strike APAC's designation of Dr. Ryles was its allegation that Local Rule 26.2(C) required that APAC disclose Dr.

Ryles sufficiently early in the discovery period to enable Liberty Mutual to depose him within the discovery period.

### Liberty Mutual's prior Motion to Strike defeats its current attempt to disclose an expert outside the parameters of Fed.R.Civ.P. 26 and Local Rule 26.2

The below text, which is also included in APAC's Response to Liberty Mutual's Motion to Allow Expert Depositions Outside the Discovery Period, illustrates why Liberty Mutual's untimely expert designation should be struck. Ironically, Liberty Mutual previously advised the Court exactly why its belated effort to circumvent Rule 26 and disclose an expert outside the parameters set by Fed.R.Civ.P. 26 must be denied. Specifically, as stated by Liberty Mutual in its Motion to Strike, Liberty Mutual's late disclosure[1] violated Local Rule 26.2(C), which states:

> [a]ny party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

---

[1] The current situation is not simply an ironic change of position of the parties. At the time that Liberty Mutual sought to exclude APAC's expert witness, APAC was without fault and had diligently worked to advance discovery. Liberty Mutual, on the other hand, had repeatedly thwarted and denied efforts by APAC to engage in discovery. In overcoming Liberty Mutual's Motion to Strike, APAC demonstrated to the Court that it produced its Rule 26 report and disclosed its expert in a timely fashion – despite Liberty Mutual's delaying tactics. In the present case, it is simply undeniable that Liberty Mutual has possessed all information it needed to determine whether it, the Plaintiff, sought to introduce expert testimony. Liberty Mutual has been in possession of Dr. Ryles' Rule 26 report since December 2007.

> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, *unless expressly authorized by court order based upon a showing that the failure to comply was justified.*

(Emphasis Added).  In order to avoid exclusion of its expert, the standard is not whether there is harm or prejudice to APAC.  The standard is that Liberty Mutual must receive express authorization from the Court based on a showing that its failure to comply with the Local Rules was justified.  In the present case, Liberty Mutual has not yet even disclosed an expert to be excluded, much less sought express authorization from the Court showing that its failure to comply with the Local Rules was justified.  The reason for this failure on the part of Liberty Mutual is clear, as it cannot meet this standard because there is no justification for its delay in identifying an expert.

Liberty Mutual's prior citation to <u>Morrison v. Mann</u>, 244 F.R.D. 668 (N.D. Ga. 2007) proves fatal to its current efforts.  As Liberty Mutual noted, the <u>Mann</u> Court excluded the testimony of an expert identified by plaintiffs after the close of discovery, reasoning that "[b]oth Local Rule 26.2C and Federal Rule 37 … indicate that a party may avoid the [] exclusionary restrictions if the party's untimely disclosure was appropriately justified."   Id. at 673.   "[T]he appropriateness of a party's justification turns upon whether the party knew or should have known that an expert was necessary before the late stages of the

discovery period." Id. (citing <u>APA Excelsior III, L.P. v. Windley</u>, 329 F.Supp.2d 1328, 1338 (N.D. Ga. 2004).

In <u>Mann,</u> the Court ruled that the defendants' disclosure of an expert at the end of the discovery period did not excuse the plaintiffs' untimely expert disclosure, reasoning that the plaintiffs should have known that a medical expert was necessary to prove their causes of action.  Id. at 674.  The Court therefore prohibited the plaintiffs' from introducing the testimony of their expert.

Applying the <u>Mann</u> Court's reasoning to the present dispute, it is clear that Liberty Mutual should be prohibited from introducing the testimony of its "designated expert."  Liberty Mutual has been in possession of Dr. Ryles' written opinions since December 2007.  Liberty Mutual should have known that it wanted to rebut Dr. Ryles' testimony through the use of an expert sufficiently in advance to allow it to timely disclose its expert as required by Local Rule 26.2(C) – not at the end of an extended discovery period that it argued was unnecessary.  <u>See also</u> <u>Excelsior</u>, 329 F.Supp.2d 1328 (N.D. Ga. 2004); <u>Reese v. Herbert</u>, 2006 U.S. Dist. LEXIS 46403 (N.D. Ga. 2006); <u>Hammond v. Gordon County</u>, 316 F.Supp.2d 1262 (N.D. Ga. 2002); <u>Carolina Cas. Ins. Co. v. R.L. Brown & Assoc., Inc.</u>, 2007 U.S. Dist. LEXIS 5115 (N.D. Ga. 2007).

This Motion to Strike Plaintiff's Expert Designation is supported by

Defendant's Memorandum of Law in Response to Plaintiff's Motion to Allow Expert Depositions to be Completed Outside the Discovery Period.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court deny Strike Liberty Mutual's untimely expert witness designation.

Respectfully submitted this 18th day of September, 2008.

> APAC, Inc. Law Department
>
> /s/ M. Craig Hall
> M. Craig Hall
> Georgia Bar No. 319220
> 900 Ashwood Parkway, Suite 700
> Atlanta, GA 30338
> Telephone (770) 392-5310
> Facsimile (770) 392-5305
> Craig.Hall@APAC.com
>
> ATTORNEY FOR DEFENDANT
> APAC-SOUTHEAST, INC. f/k/a
> APAC-GEORGIA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James Chin, Esquire
Robins, Kaplan, Miller & Cirisi, L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326

This 18th day of September 2008.

/s/ M. Craig Hall
M. Craig Hall
GBN:  319220
Counsel for Defendant

APAC, Inc. Law Department
900 Ashwood Parkway, Suite 700
Atlanta, GA 30338
(phone) 770/392/5310
(facsimile) 770/392/5305
Craig.Hall@APAC.com

## LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to Local Rule 7.1(D), I hereby certify that this brief has been

prepared with Times New Roman, 14 point.


/s/ M. Craig Hall
M. Craig Hall