IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, Plaintiff, v. APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 1:07-CV-1516-JEC |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ALLOW EXPERT DEPOSITIONS TO BE COMPLETED OUTSIDE THE DISCOVERY PERIOD**

Liberty Mutual Fire Insurance Company ("Liberty Mutual") respectfully submits its Reply Memorandum of Law in Support of its Motion to Allow Expert Depositions to be Completed Outside the Discovery Period.

As anticipated, Defendant APAC-Southeast, Inc. ("APAC") opposes Liberty Mutual's Motion to Allow Expert Depositions to be Completed Outside the Discovery Period even though it admits that it "agreed to produce Dr. Ryles for deposition on the first date that he was available" – September 26, 2008 – a date outside the discovery period. APAC's objection is not with the deposition of its own expert being completed outside the discovery period. Rather, APAC claims

that Liberty Mutual improperly seeks to disclose its expert in violation of Fed. R. Civ. P. 26 and "force an arbitrary date upon APAC" to depose Liberty Mutual's expert.  Because APAC's complaints are unsupported, Liberty Mutual's Motion should be granted.

> **1.    Liberty Mutual Has Not Improperly Disclosed Its Expert's Report.**

As indicated in Liberty Mutual's Memorandum of Law in Support of its Motion to Allow Expert Depositions to be Completed Outside the Discovery Period ("Liberty Mutual's Memorandum"), Liberty Mutual seeks this Court's indulgence in allowing expert depositions to proceed outside the discovery period because Dr. Ryles, APAC's expert, has not been available to be deposed for the last 30 days of the reopened discovery period.  Pursuant to Local Rule 26.2(C), Liberty Mutual should have been able to depose APAC's expert before it decided whether to name a rebuttal expert.  APAC's inability to produce its expert within the discovery period has deprived Liberty Mutual of this opportunity and forced it to make its expert disclosure before having the benefit of APAC's expert's deposition testimony.

APAC focuses much of its opposition on the fact that, at the time Liberty Mutual filed its Motion seeking the Court's accommodation with respect to the timing of expert depositions, Liberty Mutual had not disclosed its expert report.

However, APAC knew as of August 20, 2008 that Liberty Mutual had a rebuttal expert, and that Liberty Mutual sought a schedule which would allow it to disclose that expert's report after taking APAC's expert's deposition.  See August 20, 2008 email from Raschke to Hall, Exhibit 2 to Liberty Mutual's Memorandum; see also, September 2, 2008 email from Raschke to Hall, Exhibit 4 to Liberty Mutual's Memorandum.

Notably, Liberty Mutual has now disclosed its rebuttal expert's report, though it was prejudiced by not having had the opportunity to depose APAC's expert before making that disclosure.  Liberty Mutual's expert, anticipating having the opportunity to respond to Dr. Ryles' deposition testimony in his rebuttal report, was forced to complete his initial rebuttal report without that testimony.  However, it was not until September 5, 2008 that APAC confirmed the date its expert was available for deposition (see September 5, 2008 email from Hall to Raschke, Exhibit 7 to Liberty Mutual's Memorandum), and on September 10, 2008, APAC made clear that it had no intention of working with Liberty Mutual to seek an accommodation from the Court to allow the sequence of expert discovery to proceed as suggested by the Local Rule (see September 10, 2008 email from Raschke to Hall, Exhibit 10 to Liberty Mutual's Memorandum and September 10,

2008 response email from Hall to Raschke, Exhibit 11 to Liberty Mutual's Memorandum).

APAC cites Fed. R. Civ. P. 26(2)(C) for the proposition that Liberty Mutual's rebuttal expert report should have been submitted 30 days after APAC's expert report. However, that Rule specifies that the sequence of disclosures therein applies in the absence of other directions by the court. Local Rule 26.2(C) specifies the sequence of expert disclosures in this Court. And the sequence of that Rule suggests that a party should have the right to depose the expert disclosed by an opposing party and then, if desired, name its own expert and have that expert deposed.[1]

As indicated, because APAC's expert has not been available to be deposed within the discovery period, Liberty Mutual did not have the opportunity to depose him in advance of disclosing its rebuttal expert and making its expert available for deposition, consistent with the sequence of expert discovery contemplated by Local Rule 26.2(C). Liberty Mutual's disclosure was not improper, but rather the

---

[1] APAC's suggestion that Liberty Mutual's expert is not a rebuttal expert because Liberty Mutual is the plaintiff in this matter is disingenuous. Liberty Mutual brought a Declaratory Judgment action seeking this Court's determination of coverage for APAC, an additional insured, under an insurance policy issued to Costello Industries, Inc. The relief sought by Liberty Mutual does not require an expert. APAC has filed counter-claims and its expert's opinions are in support of those counter-claims. Liberty Mutual's expert is to rebut the opinions expressed by APAC's expert.

result of APAC's expert's unavailability. Liberty Mutual has now disclosed its rebuttal expert report within the discovery period, and it respectfully requests that this Court enter an Order allowing the parties to conduct expert depositions outside the discovery period.

## 2. Liberty Mutual Will Provide Optional Deposition Dates for its Expert.

APAC has only provided one possible date for its expert's deposition. Liberty Mutual is taking APAC's expert's deposition on that day. October 7, 2008 is Liberty Mutual's expert's first available date for deposition following APAC's expert's deposition on September 26, 2008. After October 7, 2008, Liberty Mutual's expert's next available date for his deposition is October 29, 2008.

## CONCLUSION

For the reasons cited herein and in Liberty Mutual's Memorandum, Liberty Mutual respectfully requests that this Court grant its Motion to Allow Expert Depositions to be Completed Outside the Discovery Period.

This <u>19th</u> day of September, 2008.

                                        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                        /s/ Heidi H. Raschke
                                        Georgia Bar No. 594937
                                        James V. Chin
                                        Georgia Bar No. 124827

        2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
(404) 760-4300

ATTORNEYS FOR PLAINTIFF LIBERTY
MUTUAL FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 1:07-CV-1516-JEC |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2008, I electronically filed the foregoing Plaintiff's Reply Memorandum of Law in Support of its Motion to Allow Expert Depositions to be Completed Outside the Discovery Period with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to the following:

    M. Craig Hall
    APAC, Inc. Law Department
    900 Ashwood Parkway, Suite 700
    Atlanta, GA 30338

        /s/ Heidi H. Raschke

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

- 7 -

30222669.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 1:07-CV-1516-JEC |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

/s/ Heidi H. Raschke

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com