IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:07-CV-1516-JEC |
| v. | ) | |
| | ) | |
| APAC-SOUTHEAST, INC.,  f/k/a | ) | |
| APAC-GEORGIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION

Liberty Mutual Fire Insurance Company ("Liberty Mutual") respectfully submits its Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Expert Designation.

## INTRODUCTION

In this matter, Defendant APAC-Southeast, Inc. ("APAC") seeks to use its expert's unavailability for his deposition during the reopened discovery period as both a sword and a shield, prejudicing Liberty Mutual and running afoul of Local Rule 26.2(C).

As explained in Liberty Mutual's Memorandum of Law in Support of its Motion to Allow Expert Depositions to be Completed Outside the Discovery

Period (Docket No. 95-2), APAC's expert, Dr. Tim Ryles, was unavailable for deposition from at least August 20, 2008 through the end of the reopened discovery period (September 19, 2008).  The first date that APAC indicated Dr. Ryles was available to be deposed was outside the discovery period on Friday, September 26, 2008.  Liberty Mutual agreed to take Dr. Ryles' deposition on that date.  Nonetheless, APAC opposed Liberty Mutual's Motion to Allow Expert Depositions to be Completed Outside the Discovery Period because APAC sought to use its own expert's unavailability for deposition to prejudice Liberty Mutual's ability to file a rebuttal expert report.

Pursuant to Local Rule 26.2(C), Liberty Mutual sought the opportunity to take APAC's expert's deposition within the discovery period before producing its rebuttal expert's report.  APAC took the position that its expert was unavailable to be deposed during the discovery period.  APAC then claimed that Liberty Mutual's expert designation should be stricken because Liberty Mutual's disclosure of its rebuttal expert was delayed by APAC's expert's unavailability.  APAC should not be allowed to both block discovery and prejudice Liberty Mutual in its ability to prepare its rebuttal expert report.  For the reasons indicated herein, Liberty Mutual respectfully requests that this Court deny APAC's Motion to Strike Plaintiff's Expert Designation.

## **FACTUAL BACKGROUND**

APAC disclosed its expert on Thursday, December 6, 2007, eight days before the original close of discovery.  Because such a late disclosure prevented Liberty Mutual from either deposing APAC's expert or identifying its own rebuttal expert within the discovery period as required by the Local Rules, Liberty Mutual moved to strike APAC's untimely expert designation.  However, after this Court granted APAC's motion to extend discovery for 60 days, Liberty Mutual withdrew its motion to strike.

The extended discovery period was stayed twice to allow the parties to pursue settlement negotiations.  On July 21, 2008 this case was mediated in conjunction with the underlying matter which gave rise to the present dispute (the "Graves Lawsuit") in which Liberty Mutual's insured, Costello Industries, Inc., APAC and others, were named defendants, and the related matter that APAC filed against Costello and its excess insurer, the Insurance Company of the State of Pennsylvania ("ICSoP") in Georgia Superior Court ("APAC v. ICSoP Lawsuit").  That mediation was not successful though settlement negotiations continued for several weeks after the mediation.

30232619.1

On August 20, 2008, after it became clear that the present matter was not likely to settle, counsel for Liberty Mutual requested that APAC's expert, Dr. Tim Ryles, be made available for deposition.   Through correspondence, APAC indicated that its expert was not available until September 26, 2008.[1]  Because Dr. Ryles was not available within the discovery period, Liberty Mutual sought APAC's agreement to an expert discovery schedule that would allow it to take Dr. Ryles' deposition before disclosing its rebuttal expert's opinions.  APAC indicated that though it would agree to allow Liberty Mutual to take Dr. Ryles' deposition outside the discovery period, it would not accommodate Liberty Mutual's rebuttal report or expert deposition outside of the discovery period.  While Liberty Mutual does not agree that it should have to disclose its rebuttal expert report before it had the opportunity to depose APAC's expert, it did so within the discovery period.

---

[1]   *See* correspondence attached as Exhibits 1 – 11 to Liberty Mutual's Memorandum of Law in Support of its Motion to Allow Expert Depositions to be Completed Outside the Discovery Period  (Docket No. 95-2).

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

**1.     The Timing of Liberty Mutual's Rebuttal Expert Disclosure Is Justified By APAC's Expert's Unavailability for Deposition.**

Liberty Mutual planned to file its rebuttal expert disclosure following the deposition of APAC's expert, in the sequence contemplated by Local Rule 26.2(C).  Local Rule 26.2(C) states:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Pursuant to this Rule, and consistent with typical practice, Liberty Mutual sought the opportunity to first depose APAC's expert before disclosing its rebuttal report.

Indeed, the sequence of the Rule suggests that a party should have the right to depose the expert disclosed by an opposing party and then, if desired, name its own expert and have that expert deposed.  This Court recognized this sequence of exchange of expert discovery in *Gainor v. Douglas Cty.*, 59 F. Supp.2d 1259, 1297 Ga. 1998), when it held:

> [P]laintiff clearly failed to comply with Local Rule 26.3C by not making [its expert] available to be deposed sufficiently early in discovery so that defendants could decide whether they wished to retain a counter-expert, locate and retain a counter-expert, allow that expert to prepare his expert report, and make that expert available for deposition within the discovery period.

Generally, expert discovery schedules contemplate such a sequence of exchange of expert reports. *See e.g.*, *Telecom Tech. Svs., Inc. v. Siemens Rolm Comm., Inc.*, No. 1:95-CV-649-WBH, 1997 U.S. Dist. LEXIS 24292, at *19 (N.D. Ga. Dec. 30, 1997) (establishing a schedule that provided that rebuttal expert reports be exchanged after depositions of initial experts are completed); *Chakales v. Hertz Corp.*, 152 F.R.D. 240, 247 n.6 (N.D. Ga. 1993) (directing the parties to conduct the deposition of defendant's expert "sufficiently early in the reopened discovery period to permit plaintiffs adequate time to designate and to depose any rebuttal expert").

This Court has recognized that "the federal rules do not support trial by ambush." *Bennett v. CSX Transp., Inc.*, No. 1:05-CV-839-JEC, 2006 U.S. Dist. LEXIS 66962, at *7 (N.D. Ga. Sept. 19, 2006). Therefore, courts will often allow the parties additional time to depose experts and name rebuttal experts, if needed. *See id.*, at *8 (granting an extension of 60 days to depose a disclosed expert, name any additional rebuttal experts and have their depositions taken); *ACMG of Louisiana, Inc. v. Towers Perrin, Inc.*, No. 1:04-CV-1338-RWS, 2007 U.S. Dist.

LEXIS 91291, at *3 (N.D. Ga. Dec. 11, 2007) (extending the discovery period to allow defendant to depose plaintiff's expert and file a rebuttal expert report).

As indicated, and not disputed by APAC, its expert was not available to be deposed within the discovery period. As such, Liberty Mutual did not have the opportunity to depose him in advance of disclosing its rebuttal expert and making its expert available for deposition within the discovery period, consistent with the sequence of expert discovery contemplated by Local Rule 26.2(C).

While APAC claims that Liberty Mutual's rebuttal expert disclosure should be stricken, none of the cases it cites in support of its Motion to Strike address a situation involving the late disclosure of a rebuttal expert report after the initial expert was not made available for deposition within the discovery period. Rather, the cases involve situations where the opposing party doesn't have an opportunity to name its rebuttal expert within the discovery period. Further, "Federal Rule 37 indicates that a party may avoid [having an expert excluded] if the party untimely disclosure was harmless." *Morrison v. Mann*, 244 F.R.D. 668, 672-73 (N.D. Ga. 2007) (quoting Fed. R. Civ. P. 37(c)(1)).

Notably, in *Morrison*, 244 F.R.D. at 673, this Court explains that "[m]ost commonly, the harm associated with untimely expert witness disclosures is the non-disclosing party's inability to adequately prepare its case by deposing the

witness during the discovery period." Here, that harm exists on both sides because Liberty Mutual apparently would not have been able to take APAC's expert's deposition within the reopened discovery period regardless of when it disclosed its rebuttal expert. And, as indicated above, it sought to first depose APAC's expert before disclosing its rebuttal expert report. APAC clearly is not opposed to taking expert depositions outside the discovery period. It simply doesn't want the Court to allow Liberty Mutual's rebuttal expert.

In *Hammond v. Gordon County*, 316 F. Supp.2d 1262, 1266 (N.D. Ga. 2002), the court excluded plaintiffs' expert affidavit from consideration in connection with pending motions for summary judgment because the late disclosure left defendants "without sufficient time to depose [the expert] and to retain their own expert" within the discovery period. In *Hammond*, like the cases cited above, the sequence of discovery suggests a deposition of the first expert, followed by disclosure of the rebuttal expert. However, the court indicated that it would consider allowing the expert's testimony at trial "conditioned upon a forty-five day extension of discovery to allow Defendants to depose [the expert] and retain their own expert." *Id.* A similar accommodation is what Liberty Mutual has sought in this matter, except that it already has disclosed its rebuttal expert, and APAC has already made its expert available for deposition *outside the discovery*

- 8 -

*period*.   The only accommodation left is to allow the deposition of Liberty Mutual's expert to proceed.

### 2.   APAC Has Not Been Prejudiced.

In this case, Liberty Mutual was justified in the timing of its rebuttal expert disclosure because it was seeking to comply with Local Rule 26.2(C) and first depose APAC's expert.  Moreover, there is no harm to APAC which has already agreed to at least its own expert's deposition proceeding outside the discovery period.  As such, APAC's Motion to Strike should be denied.

### CONCLUSION

Wherefore, for the reasons discussed herein, as well as in Plaintiff's Memorandum of Law in Support of its Motion to Allow Expert Depositions to be Completed Outside the Discovery Period (Docket No. 95-2) and Plaintiff's Reply Memorandum of Law in Support of its Motion to Allow Expert Depositions to be Completed Outside the Discovery Period (Docket No. 102), Liberty Mutual respectfully requests that this Court deny APAC's Motion to Strike Plaintiff's Expert Designation.

30232619.1

This <u>29th</u> day of September, 2008.

ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.

/s/ Heidi H. Raschke
Georgia Bar No. 594937
James V. Chin
Georgia Bar No. 124827
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
(404) 760-4300

ATTORNEYS FOR PLAINTIFF LIBERTY
MUTUAL FIRE INSURANCE COMPANY

- 10 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO.: 1:07-CV-1516-JEC |
| ) | |
| APAC-SOUTHEAST, INC., f/k/a APAC-GEORGIA, INC., ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the <u>29th</u> day of September, 2008, I electronically filed the foregoing Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Expert Designation with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to the following:

M. Craig Hall
APAC, Inc. Law Department
900 Ashwood Parkway, Suite 700
Atlanta, GA 30338

<u>/s/ Heidi H. Raschke</u>

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

30232619.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 1:07-CV-1516-JEC |
| | ) | |
| APAC-SOUTHEAST, INC.,  f/k/a APAC-GEORGIA, INC., | ) ) | |
| Defendant. | ) ) ) | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

/s/ Heidi H. Raschke

Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone:  (404) 760-4300
Email:  hhraschke@rkmc.com

30232619.1