IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

  Plaintiff,

v.

APAC-SOUTHEAST, INC., f/k/a
APAC-GEORGIA, INC.,

  Defendant.

CIVIL ACTION NO.
1:07-CV-1516-JEC

### ORDER

This case is before the Court on several motions, but the motions addressed by this Order are plaintiff's Motion to Allow Expert Depositions to Be Completed Outside the Discovery Period [95]; defendant's Motion to Strike Plaintiff's Expert Designation [99]; and defendant's Motion for Leave to Re-Open Discovery for Limited Purpose of Inquiring Into Plaintiff's Settlement of Underlying "Graves Lawsuit" [115].

Defendant APAC-Southeast has filed a Motion to Reopen Case [115] for the purpose of allowing the defendant to take limited discovery related to a settlement agreement entered into by plaintiff Liberty Mutual on behalf of its insured, in connection with the underlying state court litigation. Plaintiff does not

disagree that defendant should be allowed this discovery.

Accordingly, the Court **GRANTS** defendant's Motion for Leave to Re-Open Discovery for Limited Purpose of Inquiring Into Plaintiff's Settlement of Underlying "Graves Lawsuit" [115]. Defendant shall be allowed to: (1) depose Liberty Mutual corporate representative(s) with knowledge as to the settlement negotiations regarding the Graves Lawsuit on behalf of Costello; (2) engage in written discovery with Liberty Mutual and third parties as to the settlement of the Graves Lawsuit; and (3) re-open the deposition of Mr. Harvey Whichard, who previously testified that Liberty Mutual refused to consider settlement of the Graves Lawsuit because it believed the case to be a case of "no liability."

Plaintiff has filed a Motion to Take Deposition [95]. Plaintiff seeks permission to allow each party to take a deposition of the expert designated by the other party, outside the extended discovery period. As plaintiff, since the filing of this initial motion, has apparently now taken the deposition of defendant's expert, plaintiff's motion is that defendant be allowed to take the deposition of plaintiff's expert outside the discovery period. The Court would almost never interfere with the parties' consent to voluntary discovery, so plaintiff's Motion to Allow Expert Depositions to Be Completed Outside the Discovery Period [95] is **GRANTED**.

As a corollary to this motion, defendant has filed a motion to strike plaintiff's expert [99] arguing that the expert was untimely designated. The Court disagrees. The Local Rules envision that the proponent of an expert will designate that expert, provide a report, and provide that expert for deposition in sufficient time for the party tendering a rebuttal expert to then be allowed to take the same steps. As defendant's expert was not able to be deposed until after the extended discovery period, the Court will permit the plaintiff an opportunity to present its own rebuttal expert. Therefore, defendant's Motion to Strike Plaintiff's Expert Designation [99] is **DENIED**.

The parties have also filed motions for summary judgment. Defendant has filed two motions for partial summary judgment: Defendant's Motion for Partial Summary Judgment Against Plaintiff Liberty Mutual Fire Insurance Company [92] and Defendant's Second Motion for Partial Summary Judgment Against Plaintiff Liberty Mutual Fire Insurance Company [109]. Plaintiff has filed a motion for summary judgment [123]. As the reopened discovery period may require the parties to revise their various motions and responses, the Court **DENIES WITHOUT PREJUDICE** the above motions [92, 109, 123]. Further, the applicable rules envision just one motion for summary judgment, not the two that defendant has filed.

If the discovery period does not require any alteration in the

pleadings filed, the parties may, by the new date for the filing of summary judgment motions, submit a letter relying on those specified pleadings. In any event, defendant should file just <u>one</u> motion for summary judgment; if defendant needs an extension of the page limitation, defendant should seek that remedy rather than filing two motions. Further, plaintiff should refile one response to defendant's new submission, or designate the pleading in the file that the plaintiff wishes to have considered as a response to defendant's motion.

The reopened period of discovery for defendant's requested inquiry and for plaintiff's deposition of defendant's expert shall begin on **Monday, March 9, 2009** and end on **May 8, 2009**. Renewed motions for summary judgment or partial summary judgment shall be filed by **June 8, 2009**.

## CONCLUSION

In summary, the Court **GRANTS** defendant's Motion for Leave to Re-Open Discovery for Limited Purpose of Inquiring Into Plaintiff's Settlement of Underlying "Graves Lawsuit" [115]; **GRANTS** plaintiff's Motion to Allow Expert Depositions to Be Completed Outside the Discovery Period [95]; **DENIES** defendant's Motion to Strike Plaintiff's Expert Designation [99]; and **DENIES without prejudice** Defendant's Motions for Partial Summary Judgment Against Plaintiff

AO 72A
(Rev.8/82)

Liberty Mutual Fire Insurance Company [92, 109] and plaintiff's Motion for Summary Judgment [123].

The reopened period of discovery shall begin on **Monday, March 9, 2009** and end on **May 8, 2009**. Renewed motions for summary judgment or partial summary judgment shall be filed by **June 8, 2009**.

SO ORDERED, this __6__ day of March, 2009.

                                  JULIE E. CARNES
                                  CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)